UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS MANUEL GARCES, | No. 2:17-cv-0319 JAM AC P |
| Plaintiff, | |
| v. | ORDER |
| J. PICKETT, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, has requested appointment of counsel. ECF No. 3. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish

1

exceptional circumstances that would warrant a request for voluntary assistance of counsel.

In his request, plaintiff asserts that his imprisonment will limit his ability to litigate, that the issues are complex, and that he has limited access to the library and knowledge of the law. ECF No. 3. These are circumstances are common to most prisoners. Moreover, the court has yet to screen the complaint, so it is not clear whether plaintiff has any likelihood of success on the merits. For these reasons, the court does not find the required exceptional circumstances at this time.

In accordance with the above, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 3) is denied.

DATED: March 17, 2017

_Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

2