UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS MANUEL GARCES,<br><br>  Plaintiff,<br><br>  v.<br><br>J. PICKETT, et al.,<br><br>  Defendants. | No. 2:17-cv-0319 JAM AC P<br><br>ORDER AND FINDINGS AND <u>RECOMMENDATIONS</u> |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. The court notes that the Inmate Locator website operated by the California Department of Corrections and Rehabilitation (CDCR) indicates that plaintiff is currently incarcerated at the California Men's Colony and a copy of this order and findings and recommendations will be served on him at that location as well as at his address of record. Plaintiff will also be required to confirm his current address with the court. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

I. <u>Application to Proceed In Forma Pauperis</u>

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF Nos. 2, 19. Accordingly, the request to proceed in forma pauperis will be granted.

1

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II.     Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context

of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. (citations omitted). "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

III. Complaint

The complaint alleges that defendants Pickett, Barton, Schaake, Chapman, Hurbert, Lopez, Briggs, and Voong violated plaintiff's constitutional rights when Barton destroyed his property during a cell search and the other defendants acted to cover it up and deny his appeals related to the destruction of his property. ECF No. 1 at 2-13. Plaintiff further alleges that the defendant wardens housed him with a known enemy, which resulted in plaintiff being assaulted by his cellmate two days later. Id. at 5, 12.

IV. Claim for Which a Response Will Be Required

"The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones." Farmer, 511 U.S. at 832 (internal quotation marks and citations omitted). "[A] prison official violates the Eighth Amendment only when two requirements are met. First, the

3

deprivation alleged must be, objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." Id. at 834 (internal quotation marks and citations omitted). Second, the prison official must subjectively have a sufficiently culpable state of mind, "one of deliberate indifference to inmate health or safety." Id. (internal quotation marks and citations omitted). The official is not liable under the Eighth Amendment unless he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. Then he must fail to take reasonable measures to abate the substantial risk of serious harm. Id. at 847. Mere negligent failure to protect an inmate from harm is not actionable under § 1983. Id. at 835.

In this case, plaintiff alleges that the defendant wardens deliberately housed him with a known enemy, which resulted in his assault two days later. ECF No. 1 at 5, 12. It appears that plaintiff is referring to defendants Pickett and Chapman, who he has identified as wardens. Id. at 2. These allegations are sufficient to state a claim and will require a response from defendants Pickett and Chapman.

V. Failure to State a Claim

A. Property Claim

The unauthorized deprivation of property by a prison official, whether intentional or negligent, does not state a claim under § 1983 if the state provides an adequate post-deprivation remedy. Hudson v. Palmer, 468 U.S. 517, 533 (1984). "California Law provides an adequate post-deprivation remedy for any property deprivations." Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam) (citing Cal. Gov't Code §§ 810-895). Therefore, only an intentional and authorized deprivation of property may constitute an actionable § 1983 claim for violation of the Due Process Clause. An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. Piatt v. MacDougall, 773 F.2d 1032, 1036 (9th Cir. 1985).

In the instant case, plaintiff claims that defendant Barton deliberately damaged his property during a cell search for no reason other than to be malicious (ECF No. 1 at 2-13),

4

1 making the deprivations unauthorized. Defendants Pickett, Schaake, Chapman, Hurbert, Lopez, Briggs, and Voong then proceeded to cover-up Barton's actions by making false statements and improperly denying his appeal. Id. Accordingly, plaintiff's property claims are not cognizable as a matter of law, and must be dismissed without leave to amend.

B. Grievances

Prisoners do not have "a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). Prison officials are not required under federal law to process inmate grievances in any specific way. Plaintiff's claims that prison officials denied or refused to process his grievances do not state a cognizable claim for a violation of his due process rights because there is no right to a particular grievance process or response. See, e.g., Towner v. Knowles, No. 2:08-cv-2823 LKK EFB P, 2009 WL 4281999, at *2, 2009 U.S. Dist. LEXIS 108469, at *5-6 (E.D. Cal. Nov. 20, 2009) (plaintiff failed to state claims that would indicate a deprivation of his federal rights after defendant allegedly screened out his inmate appeals without any basis); Williams v. Cate, No. 1:09-cv-0468 OWW YNP PC, 2009 WL 3789597, at *6, 2009 U.S. Dist. LEXIS 107920, at *16 (E.D. Cal. Nov. 10, 2009) ("Plaintiff has no protected liberty interest in the vindication of his administrative claims."). Accordingly, plaintiff's claims that defendants interfered with, denied, or failed to process his grievances are non-cognizable as a matter of law, and must be dismissed without leave to amend.

C. No Leave to Amend

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987))). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1005-06.

5

1 The undersigned finds that, as set forth above, the plaintiff's property and grievance claims fail to state claims upon which relief may be granted and amendment would be futile. These claims and defendants Barton, Schaake, Hurbert, Lopez, Briggs, and Voong should therefore be dismissed without leave to amend.

VI. Motion for Appointment of Counsel

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

In his request, plaintiff asserts that his imprisonment will limit his ability to litigate, that the issues are complex, that he has limited access to the library and knowledge of the law, that expert testimony will likely be necessary, and that counsel would be better able to present evidence and cross-examine witnesses at trial. ECF No. 20. These are circumstances are common to most prisoners. Moreover, given the early stages of this case, the court is unable to determine plaintiff's likelihood of success on the merits and it has yet to be determined that this case will proceed to trial. For these reasons, the court does not find the required exceptional circumstances at this time.

VII. Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately. Your request for counsel is denied.

The complaint states claims against defendants Pickett and Chapman for failure to protect, and you will be provided with service documents to complete and return to the court. Once the completed service documents are returned to the court, the United States Marshal will be directed to serve defendants Pickett and Chapman. You should not try to serve the defendants yourself.

Your claims that your property was damaged, and defendants covered it up, cannot support relief because California has a remedy for deprivation of property. Your claims regarding denial of your grievances cannot support relief, because failure to properly process a grievance does not violate an inmate's constitutional rights. Since these claims cannot go forward, it is being recommended that they be dismissed without leave to amend. That will result in defendants Barton, Schaake, Hurbert, Lopez, Briggs, and Voong being completely dismissed from this case

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF Nos. 2, 19) is GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's motion for appointment of counsel (ECF No. 20) is DENIED.

4. The Clerk of the Court is directed to serve plaintiff with a copy of this order and findings and recommendations at both his address of record and at the California Men's Colony, P.O. Box 8103, San Luis Obispo, CA 93409-8103.

5. Within thirty days from the date of this order, plaintiff must notify the court of his correct address. Plaintiff is warned that failure to keep the court up-to-date with his address may result in this case being dismissed.

6. Service is appropriate for defendants Pickett and Chapman on plaintiff's claim that they failed to protect him, as set forth above in Section IV.

7. The Clerk of the Court shall send plaintiff two USM-285 forms, one summons, an instruction sheet, and a copy of the complaint filed February 10, 2017 (ECF No. 1).

8. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

    a. The completed Notice of Submission of Documents;

    b. One completed summons;

    c. One completed USM-285 form for each of the following defendants: Pickett and Chapman; and

    d. Three copies of the endorsed complaint filed February 10, 2017.

9. Plaintiff need not attempt service on defendants and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

IT IS FURTHER RECOMMENDED that, as set forth above in Section V, plaintiff's property and grievance claims and defendants Barton, Schaake, Hurbert, Lopez, Briggs, and Voong be dismissed without leave to amend

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 28. 2018

                                                        ALLISON CLAIRE
                                                        UNITED STATES MAGISTRATE JUDGE

|   |   |
|---|---|
| LUIS MANUEL GARCES,<br><br>        Plaintiff,<br><br>  v.<br><br>J. PICKETT, et al.,<br><br>        Defendants. | No. 2:17-cv-0319 JAM AC P<br><br>NOTICE OF SUBMISSION OF DOCUMENTS |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

    Plaintiff submits the following documents in compliance with the court's order filed _____:

    \_\_\_\_\_1\_\_\_\_\_    completed summons form

    \_\_\_\_\_2\_\_\_\_\_    completed forms USM-285

    \_\_\_\_\_3\_\_\_\_\_    copies of the complaint

DATED:

                                                          _____
                                                          Plaintiff