UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS MANUEL GARCES, | No. 2:17-cv-0319 JAM AC P |
| Plaintiff, | |
| v. | ORDER |
| J. PICKETT, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se with a civil rights action, has requested appointment of counsel and leave to amend the complaint.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to

1

most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Plaintiff requests appointment of counsel on the grounds that he has been unable to find an attorney to represent him and he has limited access to the law library and limited knowledge of the law. ECF No. 39. However, these circumstances are common to most prisoners. Furthermore, the complaint has been found to state a claim and service has been ordered on defendants Chapman and Pickett (ECF No. 21), demonstrating that plaintiff thus far has been sufficiently capable of articulating his claims. The request for appointment of counsel will therefore be denied.

Plaintiff has also requested leave to amend the complaint. ECF No. 38. However, the motion is not accompanied by a proposed amended complaint, as required by Local Rule 137(c). Id. Furthermore, he states that he is seeking to amend the claims against defendants "Barton, Chaake, S.L. Chapman, L. Lopez, R. Briggs, and M. Voong." Id. With the exception of the claims against Chapman, the claims against these defendants have been dismissed without leave to amend. ECF No. 33. The motion to amend will therefore be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel (ECF No. 39) is denied.
2. Plaintiff's motion to amend (ECF No. 38) is denied.

DATED: January 16, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE