UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS MANUEL GARCES,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>J. PICKETT, et al.,<br><br>　　　　Defendants. | No. 2:17-cv-0319 JAM AC P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983, has filed a motion to amend and proposed first amended complaint. ECF Nos. 70, 71. The motion to amend states that since filing the complaint, plaintiff realized that he attributed the wrong actions to defendants Barton, Schaake, Hurbert, Pickett, and Chapman and that he has amended the complaint accordingly. ECF No. 70.

On November 28, 2018, the undersigned screened the complaint. ECF No. 21. The complaint alleged that defendant Barton destroyed plaintiff's property during a cell search and that Pickett, Barton, Schaake, Chapman, Hurbert, Lopez, Briggs, and Voong covered up Barton's actions by denying his appeals. ECF No. 1 at 2-13. It also alleged that Pickett and Chapman housed him with a known enemy, which led to plaintiff being assaulted. Id. at 5, 12. The claims against Pickett and Chapman for housing plaintiff with a known enemy were found to state a claim and they were required to respond to the complaint. Id. at 4. It was recommended that

1

plaintiff's property and grievance claims, as well as defendants Barton, Schaake, Hurbert, Lopez, Briggs, and Voong, be dismissed without leave to amend because amendment would be futile given the nature of the claims. Id. at 4-6. The findings and recommendations were adopted in full on December 11, 2018. ECF No. 33. On January 11, 2019, the court received plaintiff's first motion to amend the claims against Barton, Chaake, Chapman, Lopez, Briggs, and Voong. ECF No. 38. The motion was denied because it was not accompanied by a proposed amended complaint, and because the claims against all defendants but Chapman had been dismissed without leave to amend. ECF No. 44. Plaintiff has now filed a motion to amend that is accompanied by a proposed amended complaint. ECF Nos. 70, 71. However, for the reasons addressed below, the motion will be denied and the proposed complaint will be stricken.

With respect to defendants Chapman and Pickett, plaintiff once again asserts that he was assaulted on February 23 and 24, 2015, because they forced him to be housed with inmate Zamora, who was an enemy. ECF No. 71 at 4, 6. To the extent plaintiff appears to be attempting to allege additional violations of his rights by these defendants on November 10, 2015, he fails to state a claim. Plaintiff alleges that Chapman and Pickett subjected him to false imprisonment, "put plaintiff away from legal supplies," and put him at risk of harm, but offers no other information regarding the alleged violations of his rights. Id. at 6. These vague and conclusory assertions are insufficient to state claims for relief

As for plaintiff's claims against Hurbert, Barton, and Schaake, to the extent he attempts to revive his property and grievance claims (id. at 4-6), those claims have been dismissed without leave to amend (ECF No. 33). The new allegations that these defendants ignored policy, forced plaintiff to be housed with an "orientation inmate," and then falsely accused him of fighting also fail to state claims for relief and are improperly joined. There are no facts to show why housing plaintiff with an "orientation inmate" violated his rights, and there is no constitutional right to be free from false accusations. Hanrahan v. Lane, 747 F.2d 1137, 1141 (7th Cir. 1984); Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989); Freeman v. Rideout, 808 F.2d 949, 951 (2nd Cir. 1986) ("The prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest.")

Furthermore, even if the allegations did state a claim for relief, they would not be properly joined with the claims against Chapman and Pickett because they involve different defendants and do not arise out of the "same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 18(a); Fed. R. Civ. P. 20.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to amend (ECF No. 70) is denied.

2. The Clerk of the Court is directed to strike the proposed first amended complaint (ECF No. 71) from the record.

3. Plaintiff is still required to respond to defendants' motion for judgment on the pleadings, and failure to do so will result in a recommendation that this action be dismissed for failure to prosecute.

DATED: May 15, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE