UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS MANUEL GARCES,<br><br>    Plaintiff,<br><br>    v.<br><br>J. PICKETT, et al.,<br><br>    Defendants. | No. 2:17-cv-0319 JAM AC P<br><br>ORDER |

    Plaintiff, a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983, has filed a motion to compel discovery (ECF No. 77) and an opposition to defendants' motion for a protective order (ECF No. 78).

    On May 9, 2019, defendants filed a motion for protective order seeking to stay discovery pending resolution of their concurrently filed motion for judgment on the pleadings. ECF No. 67. The motion was granted. ECF No. 68. The deadlines for responding to any discovery requests that had already been served were stayed, while all other deadlines in the April 9, 2019 discovery and scheduling order were vacated. Id. If necessary, after defendants' motion for judgment on the pleadings has been resolved, the court will set deadlines for the parties to respond to any discovery requests that were served prior to the stay, to serve additional discovery, and to file motions to compel. Plaintiff's instant motion to compel will therefore be denied without prejudice to renewal once new discovery deadlines have been set.

1

With respect to plaintiff's opposition to the motion for protective order, the motion has already been granted, and nothing in the opposition warrants reconsideration of that order. To the extent it appears that plaintiff is arguing that he requires discovery to respond to defendants' motion for judgment on the pleadings, he has failed to establish that such a need exists. In ruling on a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), the court cannot consider matters outside the pleadings without treating the motion as one for summary judgment under Federal Rule of Civil Procedure 56. Fed. R. Civ. P. 12(d). Accordingly, the court does not intend to consider any evidence outside of the complaint when considering defendants' motion. Plaintiff is reminded that he has until July 1, 2019, to respond to defendants' motion for judgment on the pleadings and that failure to do so will result in a recommendation that this action be dismissed for failure to prosecute.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to compel (ECF No. 77) is denied without prejudice.

DATED: June 13, 2019

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE