UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS MANUEL GARCES, | No. 2:17-cv-0319 JAM AC P |
| Plaintiff, | |
| v. | ORDER |
| J. PICKETT, et al., | |
| Defendants. | |

Plaintiff has filed a second request for an extension of time to respond to defendants' motion for judgment on the pleadings. ECF No. 80. The current deadline for responding to the motion is July 1, 2019. The request also seeks reconsideration of the order granting defendants' motion for a protective order. Id. at 3. Plaintiff has also filed a motion for counsel and a request to delay his deposition until after the motion for counsel has been ruled on. ECF Nos. 82, 83.

I. Motion for Extension of Time

It appears from plaintiff's motion that he has not yet received a copy of the court's May 29, 2019 order granting his previous motion for extension and is therefore unaware of his already extended deadline. ECF No. 80 at 3-4. The Clerk of the Court will therefore be directed to send plaintiff another copy of the order and the instant motion will be granted only in part.

Plaintiff appears to believe that defendants' motion for judgment on the pleadings is a motion for summary judgment that requires him to provide evidence in support of his claims.

However, in deciding a motion for judgment on the pleadings, the court looks only at the claims in the complaint and does not consider additional evidence. In other words, the court looks at the complaint to see if it states a claim on which relief can be granted. McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988) (a "motion for judgment on the pleadings faces the same test as a motion under Rule 12(b)(6)" when it is used to raise the defense of failure to state a claim (citations omitted).) Plaintiff may, but is not required to, stand on his complaint and this court's screening order.

## II. Motion for Reconsideration

Local Rule 230(j) requires that a motion for reconsideration state "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." L.R. 230(j)(3).

Plaintiff's motion requests that the court reconsider the order granting defendants' motion for a protective order on the ground that he was not given an opportunity to respond before the motion was granted. ECF No. 80 at 3. However, given the nature of the request, the court did not require complete briefing on the motion in order for it to be fairly adjudicated.

Defendants' motion for protective order sought to stay discovery pending resolution of their motion for judgment on the pleadings. ECF No. 67. Although plaintiff's recently filed opposition states that he needs discovery to obtain evidence of his claims (ECF No. 78), as addressed above, because defendants filed a motion for judgement on the pleadings under Federal Rule of Civil Procedure 12(c), the court will not consider additional evidence when deciding the motion and will look only at the facts alleged in the complaint. Accordingly, plaintiff has no need for discovery in order to respond to the motion. In the event defendants' motion for judgment on the pleadings is denied, discovery will be re-opened. Plaintiff has therefore failed demonstrate that reconsideration is warranted and the request for reconsideration will be denied.

## III. Motion for Counsel

Plaintiff has requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional

circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Plaintiff's request for counsel is based upon his limited access to the law library and limited education. ECF No. 83. Neither of these circumstances constitutes an extraordinary circumstance warranting the appointment of counsel. Furthermore, to date, plaintiff has shown himself capable of articulating his claims without assistance. Accordingly, the motion for appointment of counsel will be denied.

IV. Motion to Delay Deposition

Plaintiff has also filed a motion to delay his deposition until after the court considers his request for appointment of counsel. The request will be denied. As addressed above, plaintiff's motion to appoint counsel will be denied, so there is no reason to delay his deposition. Furthermore, it is not clear that plaintiff's deposition has in fact been scheduled, as plaintiff has not provided the date on which his deposition is to take place and discovery in this matter is currently stayed pending resolution of defendants' motion for judgment on the pleadings.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an extension of time (ECF No. 80) is granted in part and plaintiff shall have an additional ten days, up to July 11, 2019, in which to file and serve an opposition to defendants' motion for judgment on the pleadings.

2. Plaintiff's request to reconsider the order granting defendants' motion for protective order (ECF No. 80) is denied.

3. Plaintiff's motion for appointment of counsel (ECF No. 83) is denied.

4. Plaintiff's motion to delay his deposition (ECF No. 82) is denied.

5. The Clerk of the Court is directed to serve plaintiff with a copy of this court's order filed May 29, 2019 (ECF No. 76).

DATED: June 17, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE