1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   LUIS MANUEL GARCES,                     No.  2:17-cv-0319 JAM AC P

12            Plaintiff,

13       v.                                  ORDER

14   J. PICKETT, et al.

15            Defendants.

16

17          Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42

18   U.S.C. § 1983.  Pending before the court is defendants Pickett and Chapman's motion for

19   judgment on the pleadings, ECF No. 66, which plaintiff opposes, ECF No. 96.

20       I.      Procedural History

21          The complaint alleged that defendants Pickett, Barton, Schaake, Chapman, Hurbert,

22   Lopez, Briggs, and Voong violated plaintiff's constitutional rights.  ECF No. 1 at 2-13.  On

23   screening pursuant to the Prison Litigation Reform Act, the undersigned recommended that

24   plaintiff's claims against Barton, Schaake, Hurbert, Lopez, Briggs, and Voong be dismissed

25   without leave to amend, ECF No. 21 at 8, and the District Judge adopted the recommendation in

26   full, ECF No. 33.  Service was found to be appropriate for defendants Pickett and Chapman on

27   ////

28   ////

                                              1

plaintiff's claim that they failed to protect him,[1] ECF No. 21 at 7-8, and defendants now move for judgment on the pleadings, ECF No. 66.

II.    Plaintiff's Allegations

Plaintiff alleges that defendants Pickett and Chapman deliberately housed him with a known enemy, inmate Zamora, who then assaulted plaintiff two days later.  ECF No. 1 at 5, 12. He further alleges that his C-file and the "Prison DMS" list the 25ers gang and its members as plaintiff's enemies, and that the defendants knew inmate Zamora was a member of the 25ers when they forced plaintiff to house with him.  Id. at 12.

III.    Motion for Judgment on the Pleadings

A.    Legal Standard for Judgment on the Pleadings

Under Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  In a Rule 12(c) motion, the court "assume[s] that the facts that [plaintiff] alleges are true."  Jackson v. Barnes, 749 F.3d 755, 763 (9th Cir. 2014) (citing United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1053 (9th Cir. 2011)).  "'Judgment on the pleadings is properly granted when [, accepting all factual allegations in the complaint as true,] there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law.'"  Chavez v. United States, 683 F.3d 1102, 1108 (9th Cir. 2012) (alteration in original) (quoting Fleming v. Pickard, 581 F.3d 922, 925 (9th Cir. 2009)).

"Analysis under Rule 12(c) is substantially identical to analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy."  Id. (citation and internal quotation marks omitted).  Under that standard, to survive dismissal, the complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550

---

[1]  The undersigned also found that plaintiff's property and grievance claims against defendants Pickett and Chapman should be dismissed without leave to amend, but inadvertently failed to recommend their dismissal.  ECF No. 21 at 4-5, 8.  It will therefore be recommended that these claims be dismissed.

U.S. 544, 555 (2007) (citations omitted).  "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. (alternation in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (citation omitted).

Although the court must accept as true the allegations of the complaint, Jackson, 749 F.3d at 763, the court need not accept legal conclusions "cast in the form of factual allegations," W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981) (citations omitted).  The court also construes the complaint in the light most favorable to the plaintiff and it resolves all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).  The court will "presume that general allegations embrace those specific facts that are necessary to support the claim."  Nat'l Org. for Women, Inc. v. Scheidler, 510 U.S. 249, 256 (1994) (internal quotation marks omitted) (quoting Lujan v. Defs. of Wildlife, 504 U.S. 555, 561 (1992)).

B. Legal Standard for Deliberate Indifference

"The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones."  Farmer v. Brennan, 511 U.S. 825, 832 (1994) (internal quotation marks and citation omitted).  "[A] prison official violates the Eighth Amendment only when two requirements are met.  First, the deprivation alleged must be, objectively, sufficiently serious, a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities."  Id. at 834 (internal quotation marks and citations omitted).  Second, the prison official must subjectively have a sufficiently culpable state of mind, "one of deliberate indifference to inmate health or safety."  Id. (internal quotation marks and citations omitted).  The official is not liable under the Eighth Amendment unless he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the

inference." Id. at 837.  Then, he must fail to take reasonable measures to abate the substantial

risk of serious harm.  Id. at 847.  Mere negligent failure to protect an inmate from harm is not

actionable under § 1983, and even civil recklessness—failure to act in the face of an unjustifiably

high risk of harm which is so obvious that it should be known—is insufficient to establish an

Eighth Amendment claim.  Id. at 835-37.

A person can deprive another of a constitutional right within the meaning of § 1983 "not

only by some kind of direct personal participation in the deprivation, but also by setting in motion

a series of acts by others which the actor knows or reasonably should know would cause others to

inflict the constitutional injury."  Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978) (citation

omitted).  However, placing inmates of rival gangs in a cell, with nothing more, fails to satisfy the

Eighth Amendment's standard that prison officials must be aware of a specific risk to an inmate.

Labatad v. Corr. Corp. of Am., 714 F.3d 1155, 1160 (9th Cir. 2013); see also Thompson v. Lee,

No. 1:07-cv-1299 LJO GSA, 2015 WL 769683, at *8, 2015 U.S. Dist. LEXIS 21407, at *20-21

(E.D. Cal. Feb. 23, 2015) (generalized fear of another inmate based on membership in a rival

gang, with nothing more, does not satisfy the Eighth Amendment).

### C. Discussion

Defendants contend the allegations should be dismissed because plaintiff alleges no more

than a "generalized risk of harm," which is insufficient to establish a claim of deliberate

indifference.  ECF No. 66-1 at 3, 5.  They argue that plaintiff did not allege any specific risk of

harm they knew or should have known about besides inmate Zamora's gang affiliation.  Id. at 5-6.

Further, defendants argue that their supervisory roles are insufficient to establish the requisite

causal connection because plaintiff does not allege facts indicating their personal involvement or

awareness of an alleged constitutional violation and the failure to prevent it.  Id. at 6-8.

The court has already screened plaintiff's complaint under the applicable Rule 12(b)(6)

standard and determined that the complaint pled sufficient allegations to state a claim.  ECF No.

21 at 2-4.  For the reasons now explained, the undersigned reaffirms the original screening order

and recommends the defendants' instant motion be denied.

////

4

With respect to defendants' personal involvement, plaintiff's complaint alleges that the defendant wardens were the ones who deliberately housed him with a known enemy that resulted in his assault. ECF No. 1 at 5, 12. The complaint alleges that defendants Pickett and Chapman forced plaintiff to house with inmate Zamora. Id. at 12. This allegation, which must be interpreted liberally, indicates that the defendants personally decided that plaintiff and Zamora would be housed together. To the extent plaintiff's declaration supporting his opposition notes that two officers put him into the cell with Zamora and said they were following orders, ECF No. 96 at 46, ¶ 15, these allegations are consistent with defendants making the decision.

With respect to defendants' states of mind, they argue that plaintiff alleges only an awareness of a "generalized risk of harm." ECF No. 66-1 at 3-5. Defendants cite several cases for the proposition that placing inmates of opposite gangs, without a specific threat giving rise to an inference of risk, fails to satisfy the Eighth Amendment. ECF No. 66-1 at 4-6 (citing Labatad, 714 F.3d 1155; Thompson, 2015 WL 769683, 2015 U.S. Dist. LEXIS 21407; Fosselman v. Dimmer, No. 1:12-cv-1302 DAD SAB, 2017 WL 1254685, 2017 U.S. Dist. LEXIS 23215 (E.D. Cal. Feb. 17, 2017)). As defendants acknowledge, these cases were resolved on summary judgment; they do not establish that plaintiff's claims fail as a matter of law despite the allegation of personal knowledge.

Of the cases cited by defendants, Thompson is the most analogous. In Thompson, the court screened the complaint and found that the plaintiff sufficiently pled a cognizable claim when he alleged that his file said he was not to be housed with gang members from the Bloods or Crips or with radical Muslims, but was housed with inmates with those affiliations anyway and assaulted each time. 2015 WL 769683, at *1-3, 2015 U.S. Dist. LEXIS 21407, at *2-7. The complaint was not dismissed at the pleading stage, but defendants prevailed on summary judgment when the undisputed evidence showed only a generalized risk. 2015 WL 769683, at *7-17, 2015 U.S. Dist. LEXIS 21407, at *18-21, 23-26, 28-30, 33-35, 37-39, 41-43, 45-47. Labatad and Fosselman were similarly resolved in defendants' favor on summary judgment, when the plaintiffs failed to present evidence of anything more than general risks of harm. Labatad,

////

714 F.3d at 1161; <u>Fosselman</u>, 2017 WL 1254685, at *19-20, 2017 U.S. Dist. LEXIS 23215, *52-56.

Contrary to defendants' arguments, plaintiff has not simply alleged a generalized risk of harm from members of a gang. He has specifically alleged that CDCR recognized a particular gang—the 25ers—as his enemy, and documented in his file that he should not be housed with members of that gang. ECF No. 1 at 12. He further alleges that despite having this knowledge, defendants forcibly housed him with a member of the 25ers, which resulted in his assault. <u>Id.</u> at 5, 12. Similar to the plaintiff in <u>Thompson</u>, plaintiff here has made sufficient allegations of deliberate indifference at the pleading stage. Whether plaintiff's allegations can ultimately survive a challenge on a motion for summary judgment is yet to be determined, but the allegations are sufficient to state a claim. For these reasons, the court reaffirms its determination that plaintiff has plead sufficient factual content to demonstrate that the defendants may be liable for the misconduct alleged.

IV.   <u>Conclusion</u>

For the reasons set forth above, IT IS HEREBY RECOMMENDED that:

1.   Defendants' motion for judgment on the pleadings, ECF No. 66, be denied.

2.   The grievance and property claims against defendants Pickett and Chapman be dismissed without leave to amend for the reasons set forth in Section V of the screening order, ECF No. 21 at 4-6.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The

////

////

////

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 30, 2020

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE