1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   LUIS MANUEL GARCES,                    No.  2:17-cv-0319 JAM AC P

12              Plaintiff,

13        v.                                ORDER

14   J. PICKETT, et al.,

15              Defendants.

16

17        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42

18   U.S.C. § 1983.  Now before the court is plaintiff's motion to compel responses to his requests for

19   production, interrogatories, and requests for admissions.  ECF No. 120.  The following procedural

20   history is relevant to the court's resolution of the motion.

21        After defendants answered the complaint, the undersigned issued a discovery and

22   scheduling order.  ECF No. 60.  Prior to the deadline for submitting written discovery requests

23   and the close of discovery, defendants moved for judgment on the pleadings (ECF No. 66) and a

24   protective order staying discovery during the pendency of the motion (ECF No. 67).  On May 10,

25   2019, the motion for protective order was granted and discovery was stayed, including the

26   deadlines for responding to any discovery requests that had been served.  ECF No. 68.

27   The motion for judgment on the pleadings was ultimately denied (ECF No. 114), and on June 29,

28   2020, the undersigned issued a new discovery and scheduling order and re-opened discovery

                                          1

1    (ECF No. 115).  After discovery was re-opened, defendants filed a motion for an extension of

2    time to respond to plaintiff's first requests for production of documents, which were served prior

3    to the stay of discovery.  ECF No. 117.  The motion was granted and defendants' time to submit

4    responses to the requests was extended to August 6, 2020.  ECF No. 119.

5         In his present motion to compel, ECF No. 120, plaintiff asserts that he served

6    interrogatories on May 6, 2019; requests for production of documents on April 16, 2019, and May

7    12, 2019; and requests for admissions on May 24, 2019.  ECF No. 120 at 1, 3-4.  With respect to

8    plaintiff's second set of requests for production of documents and requests for admissions, both

9    sets of requests were served after discovery was stayed.  As such, defendants were under no

10   obligation to respond to the requests until they were properly served after discovery re-opened.  If

11   plaintiff wants responses to his requests, he must re-serve the requests for admissions[1] and second

12   set of requests for production of documents no later than August 24, 2020, which is the current

13   deadline for submitting written discovery requests.[2]

14        As for plaintiff's first set of requests for production, the court has previously extended the

15   time for response to August 6, 2020.  The motion is therefore premature as to those discovery

16   requests.  Finally, plaintiff's interrogatories were served four days before discovery was stayed,

17   meaning that once discovery re-opened defendants still had forty-four days[3] remaining to submit

18   their responses.  Accordingly, defendants' responses to the interrogatories are not due until

19   August 12, 2020, and the motion to compel them is premature.

20   ////

21   ////

22

23   [1]  Although plaintiff has attached a copy of his requests for admissions to the motion to compel
     (ECF No. 120 at 13-16), the requests seek authentication of several documents and it is unclear
24   how many documents he seeks to authenticate and whether they have all been attached (id. at 16-
     107).
25   [2]  As set forth in the discovery and scheduling order, defendants will have forty-five days from
     the date the requests are served to respond.
26
     [3]  Because plaintiff's interrogatories were served by mail, defendants were entitled to an
27   additional three days to respond.  See Fed. R. Civ. P. 6(d) (responding party is entitled to an
     additional three days when deadline is based on date of service and service is accomplished by
28   mail).

                                                    2

 Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to compel (ECF No. 120) is DENIED.

DATED: July 28, 2020

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE