UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS MANUEL GARCES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J. PICKETT, et al.,<br><br>　　　　　Defendants. | No. 2:17-cv-0319 JAM AC P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Currently before the court are the parties' motions to compel (ECF Nos. 123, 139) and plaintiff's motions for reconsideration (ECF No. 133), to stay (ECF Nos. 134, 141), and for appointment of counsel (ECF Nos. 140, 141).

I. Defendants' Motion to Compel

On December 22, 2020, defendants filed a motion to compel, ECF No. 139, but plaintiff has not responded to the motion. Plaintiff will be given one more opportunity to respond to the motion to compel and is cautioned that failure to respond will be construed as consent to the court granting the motion. In light of the pending motion to compel, the dispositive motion deadline will be vacated and re-set upon resolution of the outstanding discovery dispute.

////

////

1

II. <u>Plaintiff's Motion to Compel</u>

    A. <u>Procedural History</u>

After defendants answered the complaint, the undersigned issued a discovery and scheduling order. ECF No. 60. Prior to the deadline for submitting written discovery requests and the close of discovery, defendants moved for judgment on the pleadings, ECF No. 66, and a protective order staying discovery during the pendency of the motion, ECF No. 67. On May 10, 2019, the motion for protective order was granted and discovery was stayed, including the deadlines for responding to any discovery requests that had already been served. ECF No. 68. The motion for judgment on the pleadings was ultimately denied, ECF No. 114, and on June 29, 2020, the undersigned issued a new discovery and scheduling order and re-opened discovery, ECF No. 115. After discovery was re-opened, defendants filed a motion for an extension of time to respond to plaintiff's first requests for production of documents, which were served prior to the stay of discovery. ECF No. 117. The motion was granted and defendants' time to submit responses to the requests was extended to August 6, 2020. ECF No. 119.

On July 24, 2020, the court received plaintiff's motion to compel in which he stated that he had served interrogatories on May 6, 2019; requests for production of documents on April 16, 2019, and May 12, 2019; and requests for admission on May 24, 2019, but had not received any responses. ECF No. 120 at 1, 3-4. Relevant to the instant motion, the undersigned found that because plaintiff's interrogatories were served four days before discovery was stayed, defendants had forty-four days remaining to submit their responses once discovery re-opened and calculated the deadline as August 12, 2020. ECF No. 121 at 2. Because the time to respond to the first request for production had been extended and the time for responding to interrogatories had not yet passed, the motion was denied as premature. <u>Id.</u> Plaintiff has now filed a letter to the undersigned in support of compelling discovery, ECF No. 123 at 1-40, and a motion to compel, <u>id.</u> at 41-60.

    B. <u>Standards Governing Discovery</u>

The scope of discovery under Federal Rule of Civil Procedure 26(b)(1) is broad. Discovery may be obtained as to "any nonprivileged matter that is relevant to any party's claim or

defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id.  The court, however, may limit discovery if it is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;" or if the party who seeks discovery "has had ample opportunity to obtain the information by discovery;" or if "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).  The purpose of discovery is to "make a trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent," United States v. Procter & Gamble Co., 356 U.S. 677, 682 (1958) (citation omitted), and "to narrow and clarify the basic issues between the parties," Hickman v. Taylor, 329 U.S. 495, 501 (1947).

Under Federal Rule of Civil Procedure 37(a)(3)(B), a motion to compel may be made if "a party fails to answer an interrogatory submitted under Rule 33; or a party fails to produce documents or fails to respond that inspection will be permitted . . . as requested under Rule 34." "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1).  Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." Bryant v. Ochoa, 2009 WL 1390794 at * 1 (S.D. Cal. May 14, 2009) (citations omitted); see also Nugget v. Hydroelectric, L.P. v. Pac. Gas & Elec. Co., 981 F.2d 429, 438-39 (9th Cir. 1992) (upholding denial of motion to compel because moving party did not show the request fell within the scope of Rule 26(b)(1)).  The opposing party is "required to carry a heavy burden of showing why discovery was denied." Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975).

    C.  Plaintiff's Allegations

The complaint alleges that defendants Pickett and Chapman deliberately housed plaintiff with a known enemy, inmate Zamora, who then assaulted him two days later.  ECF No. 1 at 5, 12. Plaintiff's C-file and the "Prison DMS" allegedly listed the 25ers gang and its members as plaintiff's enemies, and defendants forced plaintiff to house with Zamora despite knowing that

Zamora was a member of the 25ers. Id. at 12.

### D. Discussion

Plaintiff seeks to compel responses to his first set of requests for production and interrogatories. ECF No. 123 at 2-6, 41-47. Defendants oppose the motion as to the requests for production, but are silent as to the interrogatories. ECF No. 125.

#### 1. Interrogatories

Plaintiff's motion to compel was mailed on August 19, 2020, and asserts that he has yet to receive defendants' responses to his interrogatories. ECF No. 123 at 41, 60. Defendants have not responded to the motion. However, the motion, along with a declaration for entry of default, was filed with plaintiff's letter to the undersigned as a single document, ECF No. 123, and it appears that the motion to compel was likely mistaken as an attachment to the letter.[1] Regardless, attached to plaintiff's late-filed reply in support of his motion to compel is a request to stay plaintiff's responses to defendants' interrogatories and requests for production, which states that defendants did not respond to his interrogatories within thirty days of the re-opening of discovery and that he received the responses on August 18, 2020. ECF No. 137 at 95. Plaintiff further claims that defendants did not send the responses until August 13, 2020, id., but attaches a certificate of service that states the responses were served on August 12, 2020, id. at 98.

As noted above, the court previously addressed defendants' deadline for responding to plaintiff's interrogatories and found that defendants had until August 12, 2020, to serve their responses. ECF No. 121 at 2. The certificate of service provided by plaintiff shows that the responses were served on August 12, 2020, and were therefore timely even if plaintiff did not receive those responses until August 18, 2020. Because plaintiff's only claim is that he did not receive the interrogatory responses in a timely manner, the motion to compel will be denied as to the interrogatories.

////

---

[1] The letter, motion, and declaration are each accompanied by their own certificate of service, dated August 19, 2020, ECF No. 123 at 40, 60, 65, indicating that they were intended as separate filings.

          2.   <u>Requests for Production</u>

Plaintiff's letter and motion to compel appear to allege that, with the exception of Requests for Production 8, 9, and 12, which he is withdrawing, defendants have provided deficient responses to his requests for production. ECF No. 123 at 1. However, the only request the motion addresses with specificity is Request 1, <u>id.</u> at 3-4, though plaintiff also complains about receiving incomplete logbooks, <u>id.</u> at 2-3, which implicates Request 13; his central file, <u>id.</u> at 4, which seems to relate to Request 3; and the housing and central files for inmate Zamora, <u>id.</u> at 5, which appear to refer to Requests 4 and 5. The motion otherwise makes only general complaints about defendants objecting on grounds of undue burden and expense, lack of merit, being unable to understand the request, not having possession of the documents, irrelevance, and privilege, without identifying which requests he is referring to or why the objections are insufficient. <u>Id.</u> at 2-3, 45-46. Defendants respond to the motion by arguing that plaintiff's claims of deficiency are too vague except as to Requests 1, 4, 5, and 13, which they address in turn. ECF No. 125. Approximately two and a half months after the deadline for doing so, plaintiff filed a reply in support of his motion that discusses each request for production. ECF No. 137.

> The Court does not hold prisoners proceeding pro se to the same standards that it holds attorneys. However, at a minimum, as the moving party plaintiff bears the burden of informing the court of which discovery requests are the subject of his motion to compel and, for each disputed response, why defendant's objection is not justified.

<u>Waterbury v. Scribner</u>, No. 1:05-cv-0764 OWW DLB PC, 2008 WL 2018432, at *1, 2008 U.S. Dist. LEXIS 53142, at *3 (E.D. Cal. May 8, 2008). To the extent the reply appears to be an attempt to cure the defect with the original motion, such arguments are not proper in a reply and the reply was filed over two months late. Although plaintiff appears to claim that the reply was late because he was denied the ability to make copies, id. at 1-3, he does not explain why he did not request an extension of time despite requesting the extension of another deadline around the time his reply was due, <u>see</u> ECF No. 126 (requesting an extension of time to respond to defendants' discovery requests). Accordingly, though plaintiff makes a number of general

5

objections to defendants' discovery responses, the court will address only those requests he references with some degree of specificity, as identified above, and the reply will be considered only to the extent it relates to those requests identified in the motion.

> **Request for Production 1**: Any and all complaint, Grievances, and Law sued [sic] that has been filed against each one of you, including any othe [sic] that migth [sic] has been filed unto this day 5/21/19.
>
> **Response**: Defendants object to this request on the grounds that it is overly broad, overly burdensome, and vague and ambiguous as to the phrases "complaint, Grievances, and Law sued," "against each one of you," "migth has been filed," and "unto this day 5/21/19." In particular, it is unclear if this request seeks "complaint, Grievances, and law sued" against either Defendants or both Defendants at the same time. Furthermore, the phrase "migth [sic] has been filed" indicates that this request encompasses complaints not actually filed. Accordingly, Defendants object to this request to the extent it seeks documents not in Defendants' possession, custody, or control. Defendants further object to this request to the extent it seeks documents not relevant to any claims or defenses in this lawsuit, particularly any unrelated lawsuits and those resolved on non-merits grounds (*e.g.*, dismissed for failure to state a claim, dismissed for failure to exhaust, or resolved via settlement), as well as complaints contemplated but not actually filed. Furthermore, this request seeks documents created before and after the times at issue in this lawsuit, rendering them irrelevant. Defendants further object to this request on the ground that it seeks public documents, which are accessible to Plaintiff through an Olson review or his institution's law library. Defendants object to this request because it purports to compel Defendants to conduct an investigation on Plaintiff's behalf. Defendants further object because the burden and expense of responding to this request outweigh its likely benefit. For example, the names "Pickett" and "Chapman" are not unique, and differentiating Defendants Pickett and Chapman from similarly named defendants in unrelated lawsuits is an undue burden. Based upon these objections, Defendants cannot respond to this request.

ECF No. 123 at 8-9.

Defendants' objections regarding the scope and burden of the request are well taken, as the request for any complaints, grievances, or lawsuits against defendants causes the breadth of the request to far exceed the issues presented to the court in this case. However, complaints, grievances, and lawsuits against defendant based upon the same type of conduct at issue in this action are relevant, and the scope of the request will be narrowed accordingly. Defendants will be required to produce copies of any staff complaints, inmate grievances, and operative complaints in lawsuits, of which they are aware, that deal with allegations that either or both

1 defendants deliberately housed an inmate with a known enemy. Other inmates' identifying

2 information, which the court recognizes may go beyond inmate name and number, may be

3 redacted where necessary for safety purposes. If no such responsive documents exist, defendants

4 shall update their response accordingly.

> **Request for Production 3**: "The complete prison record of Plaintiff."
>
> **Response**: Defendants object to this request on the grounds that it is overly broad, overly burdensome, and vague and ambiguous in its entirety. This request is ambiguous, in part, because it does not specify which prison "record" is sought. Defendants further object to this request to the extent it seeks documents not relevant to any claims or defenses in this lawsuit, particularly any information in Plaintiff's "prison record" beyond the scope of this lawsuit. Defendants further object to this request on the ground that Plaintiff may access his records by requesting an Olson review. *See* Department of Operations Manual § 13030.16; Cal. Code Regs. tit 15, § 3370. Accordingly, Defendants object because the burden and expense of responding to this request outweigh its likely benefit. Defendants further object to the extent this request seeks personnel-related information or files that are deemed to be official information and subject to the privilege for such information. *See Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir. 1991). Defendants object to the extent disclosure creates an undue risk to the safety and security of inmates and prison officials. *See* Cal. Code Regs. tit 15, § 3006. Based upon these objections, Defendants cannot respond to this request.

17 ECF No. 123 at 10.

18 Plaintiff seeks to compel production of his "complete prison record." It is reasonable to

19 assume, and plaintiff clarifies in his reply (ECF No. 137 at 14, 23), that the request for his

20 "complete prison record" is a reference to his central file. However, even allowing for that

21 clarification of what records plaintiff seeks, the defendants' objections of overbreadth and

22 relevance are well taken, as the contents of plaintiff's central file would exceed the scope of the

23 issues in this action. Plaintiff's motion and reply do little to further narrow the scope of the

24 information he may be seeking, beyond appearing to speculate that any information he would be

25 seeking would be in the confidential section of his files, which he is not allowed to review. ECF

26 No. 123 at 4; ECF No. 137 at 14. However, the motion does provide that one example of the

27 information plaintiff is looking for is information from the prison plaintiff was transferred from

28 ////

notifying defendants of his safety concerns and the need for appropriate housing. ECF No. 123 at 4-5.

Since plaintiff's request is overly broad in scope and plaintiff has access to the non-confidential portions of his central file through an Olson review, the court will not require defendants to produce plaintiff's entire central file. However, in his motion and reply, plaintiff states that his requests for an Olson review have been ignored. Id. at 4; ECF No. 137 at 7, 14. Therefore, if plaintiff has not yet been given an opportunity to review his central file, defendants will be required to ensure that plaintiff is provided an opportunity to review the non-confidential portion of his central file and make any necessary copies. With respect to the confidential portion of plaintiff's central file, defendants shall provide plaintiff with copies of any documents related to his transfer to High Desert State Prison that identified any safety concerns related to inmate Zamora specifically or the 25ers gang generally. The documents may be redacted as necessary for security purposes and to exclude any sensitive information not related to safety concerns about inmate Zamora specifically or the 25ers gang generally. If safety concerns remain even after redaction, defendants may move for a protective order.[2] If no responsive documents exist, defendants shall update their response accordingly.

> **Request for Production 4**: "The complete prison record of Inmate Zamora."
>
> **Response**: Defendants object to this request on the grounds that it is overly broad, overly burdensome, and vague and ambiguous in its entirety. This request is ambiguous, in part, because it does not specify which prison "record" is sought. Defendants further object to this request to the extent it seeks documents not relevant to any claims or defenses in this lawsuit—particularly information in Mr. Zamora's "prison record" beyond the scope of this lawsuit. Defendants object to this request because it seeks the prison records

---

[2] Although assertion of the official information privilege requires submission of a privilege log, Fed. R. Civ. P. 26(b)(5)(A)(ii), and a declaration addressing several factors, including that a designated official has reviewed the material in question, Soto v. City of Concord, 162 F.R.D. 603, 613 (N.D. Cal. 1995), because plaintiff's request was overly broad, it would be unreasonable to require defendants to have produced a privilege log and an official information declaration addressing all of the documents in plaintiff's central file in their initial response to the request. Prior to producing the documents, defendants are permitted to seek a protective order, if necessary, that provides the necessary privilege log and declaration with respect to any documents responsive to the request, as defined by this order.

> of another inmate, which invades the other inmate's privacy interests. *See* Cal. Code Regs. tit 15, §§ 3321, 3370(b). Defendants further object to the extent this request seeks personnel-related information or files that are deemed to be official information and subject to the privilege for such information. *See Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir. 1991). Defendants object to the extent disclosure creates an undue risk to the safety and security of inmates and prison officials. *See* Cal. Code Regs. tit 15, § 3006. Defendants further object because the burden and expense of responding to this request outweigh its likely benefit. Based upon these objections, Defendants cannot respond to this request.

ECF No. 123 at 11.

Assuming, as with plaintiff's request for his own prison record, that "complete prison record" refers to inmate Zamora's central file, defendants' objections on the grounds that it is overly broad and overly burdensome are well taken, as is the objection on the grounds of Zamora's privacy. Plaintiff argues that he needs Zamora's central file to show that defendants had notice regarding Zamora being affiliated with the 25ers and because it would contain any information related to Zamora being housed with plaintiff and any witness statements regarding any comments Zamora or plaintiff may have made regarding plaintiff assaulting Zamora on February 24, 2015. ECF No. 123 at 5.

Because the complaint alleges that Zamora was a known enemy and that plaintiff's files designated all 25ers as his enemies, any information in Zamora's file identifying him as plaintiff's enemy or as a member of the 25ers is relevant to the complaint. Similarly, any statements made by Zamora and plaintiff regarding their compatibility as cellmates and the assault are also relevant. Defendants will therefore be required to produce any documents from Zamora's inmate file that existed at the time he was assigned as plaintiff cellmate that showed he was designated plaintiff's enemy or was a member of the 25ers. They will also be required to produce any documents that reflect statements made by plaintiff or Zamora regarding their compatibility as cellmates or the assault. The documents may be redacted as necessary for security purposes and to exclude any sensitive information beyond the scope outlined here. Furthermore, because these documents are from another inmate's files and in order to protect Zamora's privacy, defendants are only required to allow plaintiff an opportunity to review any responsive documents and are not required to provide plaintiff with a copy of the documents to keep. If safety concerns remain

1  even after these precautions, defendants may move for a protective order.[3]  If no responsive

2  documents exist, defendants shall update their response accordingly.

> **Request for Production 5**: "ANY and all Written statements, original or copies identifiable as Repor [sic] about February 20's Zamoras' Arrival, and Housing."
>
> **Response**: Defendants object to this request on the grounds that it is vague and ambiguous as to the phrases "identifiable as Repor," "February 20's," and Zamoras' Arrival and Housing." This request is ambiguous, in part, because it does not specify which "Repor" is sought, and Defendants cannot speculate as to the report requested. Defendants object because this request assumes facts not in evidence, particularly the existence of a "Report." Defendants object to this request because it seeks the prison records of another inmate, which invades the other inmate's privacy interests. *See* Cal. Code Regs. tit 15, §§ 3321, 3370(b). Defendants further object to this request to the extent it seeks documents not relevant to any claims or defenses in this lawsuit, particularly information in Mr. Zamora's "prison record" beyond the scope of this lawsuit. Defendants further object to the extent this request seeks personnel-related information or files that are deemed to be official information and subject to the privilege for such information. *See Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir. 1991). Defendants object to the extent disclosure creates an undue risk to the safety and security of inmates and prison officials. *See* Defendant's privilege log served concurrently with this response; Cal. Code Regs. tit 15, § 3006. Subject to these objections, and assuming this request seeks a copy of Mr. Zamora's (CDCR No. F-45816) Initial Housing Review for his arrival at High Desert State Prison on or around February 20, 2015, as well as the classification review notes pertaining to Mr. Zamora's initial arrival at High Desert State Prison on or around February 20, 2015, Defendants respond as follows: after a reasonable and diligent search, documents responsive to this request are privileged and referred to in the attached Privilege Log.

ECF No. 123 at 11-12.

   Defendants have reasonably objected regarding the scope and clarity of the request, as well as Zamora's privacy interests. To the extent they have attempted to identify documents responsive to the request, the court finds that those documents are relevant only to the extent they demonstrate that plaintiff and Zamora were enemies or that Zamora was a member of the 25ers.

////

---

[3] Because plaintiff's request was overly broad, defendants will be permitted the opportunity, if necessary, to seek a protective order that provides the necessary privilege log and declaration with respect to any documents responsive to the request, as defined by this order.

10

Turning to defendants' claim of privilege, "[f]ederal common law recognizes a qualified privilege for official information. . . .  To determine whether the information sought is privileged, courts must weigh the potential benefits of disclosure against the potential disadvantages.  If the latter is greater, the privilege bars discovery." Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033-34 (9th Cir. 1990) (internal citations omitted).  "The balancing approach of the Ninth Circuit is mirrored in this and other courts' previous determinations that a balancing test is appropriate when the disclosure of law enforcement files in a civil action is at issue." Doubleday v. Ruh, 149 F.R.D. 601, 609 (E.D. Cal. 1993) (citations omitted).

A party claiming that information is privileged must "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A)(ii).  In addition to a privilege log, a party seeking to invoke the official information privilege and prevent disclosure must submit an affidavit from an official of the agency in control of the materials sought that includes the following:

> "(1) an affirmation that the agency generated or collected the material in issue and has maintained its confidentiality; (2) a statement that the official has personally reviewed the material in question; (3) a specific identification of the governmental or privacy interests that would be threatened by disclosure of the material to plaintiff and/or his lawyer; (4) a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interests, and (5) a projection of how much harm would be done to the threatened interests if disclosure were made."

Soto v. City of Concord, 162 F.R.D. 603, 613 (N.D. Cal. 1995) (citations omitted).  Although defendants have provided a sufficient privilege log and official information declaration, id. at 23-30, because the information requested, as narrowly defined by the court, goes to the heart of plaintiff's allegations, the privilege does not bar discovery.  However, the documents may be redacted as necessary for security purposes and to exclude any sensitive information beyond the scope outlined here.  Furthermore, because these documents are from another inmate's records, and in order to protect Zamora's privacy, defendants are only required to allow plaintiff to review any responsive documents and are not required to provide plaintiff with a copy of the documents

to keep. If the documents identified in the privilege log are no longer responsive based upon the court's narrowing of the request, defendants shall update their response accordingly.

> **Request for Production 13**: "Any and all Record of B yard 3 Block log Book from February 18, 2015 to February 22, 2015."
>
> **Response**: Defendants object to this request on the grounds that it is unintelligible, not relevant to any claims or defenses in this lawsuit, and vague and ambiguous as to the phrase "Record of B yard and 3 Block log Book." Subject to these objections, and assuming this request is seeking excerpts from the B3 Control Log Book at High Desert State Prison containing any and all entries between February 18, 2015 and February 22, 2015, Defendants respond as follows: responsive documents are attached as **Exhibit B**, marked as bates numbers AGO-POD – 63-68.

ECF No. 123 at 17-18. Plaintiff's issue with defendants' response to Request 13 appears to be that it did not contain the information he expected, and therefore must be incomplete. Id. at 3. As defendants correctly point out, the fact that the records produced did not contain the information he expected does not mean that they are deficient. In his reply, plaintiff argues that there are logbooks located in the Building 3 dayroom where officers are to enter their name and the time they entered the building. ECF No. 137 at 18, 25. However, it is unclear whether the logbooks plaintiff is referring to are separate from those that were produced or are the same as those that were produced and simply do not contain the information plaintiff believed they would. Defendants will therefore be required to supplement their response. If there are in fact additional logbooks from the Building 3 dayroom, as described by plaintiff, defendants will be required to produce copies of those logs from February 18, 2015 and February 22, 2015. If no such logs exist, their response should be updated to reflect that they do not exist.

### 3. Review of Sensitive Documents

Where defendants have been ordered to provide plaintiff an opportunity to review sensitive documents, if responsive documents exist, such review may be accomplished through the litigation coordinator or other appropriate CDCR staff where plaintiff is housed. Plaintiff must be permitted to take notes, and the documents must be clearly Bates numbered so that plaintiff can refer to those page numbers when identifying pages he believes to be relevant. Defendants will be required to notify the court once plaintiff has had an opportunity to review the

1  documents, or if no responsive documents exist, and shall file a copy of the documents viewed by
2  plaintiff under seal at the same time they file the notice.

3      III.    <u>Plaintiff's Motion for Reconsideration</u>

4      Plaintiff has filed an opposition to defendants' motion to vacate and modify the discovery
5  and scheduling order and appears to request the undersigned reconsider the order granting the
6  motion.  ECF No. 133.  Defendants' motion, which was granted, sought to extend the discovery
7  and dispositive motions deadlines by sixty days.  ECF Nos. 128, 129.

8      Local Rule 230(j) requires that a motion for reconsideration state "what new or different
9  facts or circumstances are claimed to exist which did not exist or were not shown upon such prior
10 motion, or what other grounds exist for the motion; and . . . why the facts or circumstances were
11 not shown at the time of the prior motion."  L.R. 230(j)(3)-(4).  Plaintiff's motion does not
12 provide any additional facts or circumstances relevant to defendants' motion.  Rather, plaintiff's
13 opposition to the granting of defendants' motion appears to be based upon the belief that the
14 request to vacate the discovery and scheduling order is an attempt by defendants "to walk away
15 from discovery."  ECF No. 133 at 2.  Plaintiff argues that his discovery related documents have
16 been delayed by the law library, that defendants have failed to respond to his discovery requests
17 within the required thirty-day period, and that the motion is an attempt to avoid having to provide
18 responses.  <u>Id.</u> at 1-2.  He also claims that he has not waived his right to appear in court in person
19 and that he should not be required to sit for his deposition until he has access to discovery.  <u>Id.</u> at
20 3-4.  Because the motion does not provide any new facts or circumstances, the motion for
21 reconsideration will be denied.

22     With regard to plaintiff's claims that he is being denied discovery, the order granting
23 defendants' motion to modify the discovery and scheduling order does not absolve them of their
24 responsibility to respond to discovery.  The order extended the time for defendants to take
25 plaintiff's deposition and to file a motion for summary judgment.  ECF No. 129.  It in no way
26 affected plaintiff's ability to pursue discovery or to seek his own extension of discovery
27 ////
28 ////

deadlines, and defendants are still required to respond to any timely served discovery requests.[4]

### IV.   Plaintiff's Motion for Appointment of Counsel

Plaintiff has requested the appointment of counsel. ECF No. 140. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Plaintiff requests counsel on the grounds that he has limited knowledge of the law, limited education and no legal education, and limited access to the law library. ECF No. 140 at 1, 3. These circumstances are common to most prisoners and therefore fail to establish the necessary exceptional circumstances. He also asserts that the issues are complex, that there will be sharply conflicting testimony, and he has been suffering from retaliation since 2014. Id. To the extent plaintiff appears to seek counsel based upon the challenges presented by a trial, the request is premature because it has not yet been determined that this case will go to trial. It also does not appear that the issues in this case are overly complex, and though plaintiff claims that he is being retaliated against by having his legal mail and copying limited, the number of filings in this case belie that claim. Plaintiff's request for appointment of counsel will therefore be denied.

---

[4] The court notes that the discovery and scheduling order extended the time for responding to written discovery requests to forty-five days. ECF No. 115 at 5.

14

### V. Plaintiff's Motions to Stay Discovery

Plaintiff has filed a motion seeking to stay discovery and any other proceedings on the ground that he is being denied legal supplies and access to the law library in order to obtain copies. ECF No. 134. He requests that proceedings be stayed until his access to legal supplies, copy services, mailing, and access to legal materials is restored or provided. Id. at 2. More specifically, he alleges that his opposition to defendants' motion to modify the discovery and scheduling order is prepared, but he is unable to submit it because of the lack of services and supplies. Id. The court construes the motion to stay as a motion for an extension of time to file an opposition to defendants' motion to modify the scheduling order. The motion will be denied as moot both because the court has already granted the motion, ECF No. 129, and because plaintiff's opposition to defendants' motion to modify the scheduling order, ECF No. 133, was received nearly two weeks prior to the date on his motion to stay.

Plaintiff has also filed a motion to stay his responses to defendants' interrogatories and requests for production on the ground that he has not yet received defendants' responses to his discovery requests. ECF No. 137 at 93-115. It is unclear whether the motion is intended as a separate motion or as an attachment to his reply in support of his motion to compel.[5] Assuming that the motion was intended as a separate filing, it will be denied because plaintiff is obligated to respond to defendants' discovery responses to the best of his ability regardless of whether they have responded to his requests.

### VI. Plaintiff's Motion to Stay Deposition and Appoint Counsel

Plaintiff has filed a motion requesting that the court stay his deposition and appoint counsel to represent him during his deposition. ECF No. 141. Although the motion was received after the scheduled date for plaintiff's deposition, the motion is not moot because defendants have filed a motion to compel plaintiff to sit for his deposition, and these issues are likely to arise again if the court grants defendants' motion.

---

[5] The certificates of service for both the reply and motion are dated December 9, 2020; however, the certificate of service for the reply is the final page of the document indicating that the motion may have been intended as attachment rather than as a separate filing. ECF No. 137 at 115-16.

In his motion to stay, plaintiff asserts that on December 6, 2020, he served defendants with a proposal as to how to conduct his deposition and that defendants have failed to respond. Id. at 1. He states that defendants have not identified the method by which they intend to conduct his deposition or the reporter who will be taking his deposition, and requests that upon conclusion of his deposition defendants immediately provide him with a copy of its recording. Id. at 1-2. He also states that "[t]he deposition 'shall not' be taken pursuant to 'the usual stipulations'" because he does not know what they are and has not agreed to them and that the taped deposition should not be filed. Id. at 2. Defendants oppose plaintiff's motion and argue that their notice was sufficient. ECF No. 143. The deposition was noticed for December 21, 2020. ECF No. 139-2 at 29-30.

As addressed above, plaintiff's motion to appoint counsel is being denied, and his additional request to appoint counsel contained within the motion to stay his deposition provides no grounds that would warrant the appointment of counsel. The mere fact that plaintiff is being deposed is not an extraordinary circumstance. Furthermore, none of the issues or requests plaintiff has raised in relation to his deposition warrant granting counsel or staying his deposition. Plaintiff is advised for the future that a pending motion for appointment of counsel will not be considered grounds for staying or rescheduling a deposition.

Federal Rule of Civil Procedure 30 provides that a notice of deposition "must state the time and place of the deposition and, if known, the deponent's name and address." Fed. R. Civ. P. 30(b)(1). It further provides that the method of recording testimony must be identified in the notice, and that with prior notice "any party may designate another method for recording the testimony in addition to that specified in the original notice." Fed. R. Civ. P. 30(b)(3). Depositions may be taken by remote means when ordered by the court. Fed. R. Civ. P. 30(b)(4).

This court has approved the taking of plaintiff's deposition by remote means, ECF No. 115 at 5, and review of defendants' deposition notice shows that it included the time, date, and location of the deposition, as well as plaintiff's name and address, ECF No. 139-2 at 29-30. The notice further specifies that the deposition will be conducted via videoconference and that it "may also be recorded by audio and/or video technology and/or by stenographic method by remote

1  means, which may involve use of the instant visual display of the testimony." Id.  While plaintiff

2  asserts that the notice does not identify the method by which the deposition will be conducted, it

3  appears that he may actually be trying to claim that the notice does not identify the method by

4  which the deposition will be *recorded*.  See ECF No. 141 (quoting Fed. R. Civ. P. 30(b)(3)(a)).[6]

5  In that respect, he is not entirely incorrect.  Although the deposition notice identifies potential

6  methods of recording the deposition, it does not explicitly identify the primary method of

7  recording.  ECF No. 139-2 at 29-30.  However, the statement that the deposition will be

8  conducted "before a duly authorized deposition reporter," id. at 29, indicates that the primary

9  method of recording will be by stenographic method, which is further clarified in defense

10 counsel's letter to plaintiff, id. at 40.

11       Plaintiff's other complaints about the deposition notice are without merit.  While Rule 30

12 requires that the reporter be identified at the beginning of the deposition, there is no requirement

13 that they be identified in the notice of deposition.  Fed. R. Civ. P 30(b).  Nor is there a

14 requirement that defendants, or anyone else, provide plaintiff with a copy of the deposition free of

15 charge, although the deposition reporter is required to provide plaintiff with a copy of the

16 transcript if he pays the applicable charges.  Fed. R. Civ. P. 30(f)(3).  Additionally, it is unclear

17 what plaintiff is referring to when he states that "[t]he deposition 'shall not' be taken pursuant to

18 'the usual stipulations,'" ECF No. 141 at 2, because there is no such language in the notice of

19 deposition, ECF No. 139-2 at 29-30.  Finally, defendants are not required to agree to plaintiff's

20 proposal that the deposition not be filed, and they may file any portion of the deposition as

21 required or permitted by the Federal Rules of Civil Procedure and Local Rules.

22       For the reasons stated above, plaintiff's motion to stay his deposition is denied and any

23 further motions based on these grounds will be denied.

24       Accordingly, IT IS HEREBY ORDERED that:

25       1.  Within fourteen days of the service of this order, plaintiff shall file a response to

26 defendants' motion to compel.  Failure to file a response will be deemed consent to the court

---

[6] Although plaintiff cites "Rule 32(b)(3)(a)," Rule 32 does not contain a corresponding subsection and the language quoted is from Rule 30(b)(3)(a).

granting the motion.

2. The March 16, 2021 dispositive motions deadline is VACATED and will be re-set upon resolution of the outstanding discovery disputes.

3. Plaintiff's motion to compel, ECF No. 123, is GRANTED in part and DENIED in part.

    a. The motion is GRANTED to the extent that defendants must provide supplemental responses to Requests for Production 1, 3-5, and 13 as set forth above and DENIED as to all other discovery requests.

    b. Supplemental responses shall be provided within thirty days of the service of this order.

    c. Within thirty days of the service of this order, defendants shall provide plaintiff the ability to review any sensitive documents, as provided above, and file the required notice within seven days of plaintiff's review. If no responsive documents exist, the requisite notice shall be filed within thirty days of this order.

4. Within forty-five days of the service of this order, plaintiff may file any necessary motion for sanctions if defendants fail to comply with this order.

5. Plaintiff's motion for reconsideration, ECF No. 133, is DENIED.

6. Plaintiff's motion to stay discovery, ECF No. 134, is construed as a motion for extension of time a and is DENIED.

7. Plaintiff's motion to stay his deadline to respond to defendants' discovery requests, ECF No. 137 at 93-115, is DENIED.

8. Plaintiff's motion for counsel, ECF No. 140, is DENIED.

9. Plaintiff's motion to stay his deposition, ECF No. 141, is DENIED.

DATED: March 15, 2021

_allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE