UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS MANUEL GARCES, | No. 2:17-cv-0319 JAM AC P |
| Plaintiff, | |
| v. | <u>ORDER</u> |
| J. PICKETT, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983, has filed a motion to compel. ECF No. 152. He alleges that defendants have failed to comply with this court's order compelling discovery.

By order filed March 16, 2021, the undersigned partially granted plaintiff's motion to compel and accordingly ordered defendants to "ensure that plaintiff is provided an opportunity to review the non-confidential portion of his central file and make any necessary copies." ECF No. 145 at 8. Defendants were also required to provide plaintiff with any portions of his confidential central file, redacted as necessary, "related to his transfer to High Desert State Prison that identified any safety concerns related to inmate Zamora specifically or the 25ers gang generally." <u>Id.</u>

Plaintiff has now filed a motion to compel in which he alleges that he has been denied access to both the non-confidential and confidential sections of his central file. ECF No. 152. He

1

alleges that on May 24, 2021, he was taken to a room to review a computerized version of his non-confidential central file only and was not provided any witnesses or assistance. Id. at 1-2. He told his counselor that he wanted to "review [his] original paper documented confidential file and non-confidential file" as ordered by the court.[1] Id. at 2. The motion to compel such review will be denied.

The court did not order defendants to provide plaintiff an opportunity to review his original paper central file. Nor were they ordered to provide plaintiff with witnesses and assistance. Allowing plaintiff to review an electronic version of the non-confidential portions of his central file complied with the court's order. With respect to the confidential portion of plaintiff's central file, the court ordered defendants to provide plaintiff with a very narrow class of documents, if they existed. They were not required to permit plaintiff to review the entire confidential section of his central file.

The court notes that in support of their motion for an extension of time, defendants included a copy of their supplemental response regarding plaintiff's confidential central file. ECF No. 150-2 at 18. The response states that there were no documents indicating that plaintiff had a safety concern with inmate Zamora until after the assault. Id. It further states that while there are documents indicating that plaintiff had safety concerns with some members of the 2-5er gang, because Zamora's records do not show that he was ever a member of the gang, those documents are now irrelevant and they will move for a protective order to prevent their disclosure if requested by the court. Id.

Rather than putting the burden on plaintiff to move to compel or on the court to order them to file a motion for protective order, it was defendants' obligation to seek relief from the order directing them to provide plaintiff with any documents related to his safety concerns with the 2-5ers if they believed they had grounds to do so. Nevertheless, the court agrees that in the absence of any documentation in Zamora's file that he was ever a member of the 2-5ers,

---

[1] In support of their recent request for an extension of time, defendants included a statement from plaintiff's counselor that states that she attempted to show plaintiff how to navigate the electronic file, but plaintiff refused to review it, insisted that he needed to review his confidential file, and walked out of the room. ECF No. 150-2 at 14.

2

documents related to plaintiff's enemy concerns with that group are irrelevant and defendants are relieved of their obligation to provide plaintiff with copies of those documents.[2]

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel, ECF No. 152, is DENIED.

2. At this time, defendants are no longer required to provide plaintiff with copies of any portions of his confidential central file related to his transfer to High Desert State Prison that identified any safety concerns related to the 2-5ers gang generally. If defendants discover documentation showing that Zamora was a known member of the 2-5ers gang prior to his assault on plaintiff, they will be obligated to provide the documentation related to plaintiff's safety concerns.

DATED: June 7, 2021

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[2] The complaint alleged that Zamora was a known enemy because he was a known member of the 2-5ers gang and plaintiff's file listed the 2-5ers gang and all of its members as plaintiff's enemies. ECF No. 1 at 5, 12.

3