UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS MANUEL GARCES, | No. 2:17-cv-0319 JAM AC P |
| Plaintiff, | |
| v. | ORDER |
| J. PICKETT, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983, has filed a document styled as a request for entry of default. ECF No. 158. The request alleges that defendants have failed to comply with this court's order compelling discovery and will therefore be construed as a motion for sanctions. Also before the court is defendants' motion to compel. ECF No. 139.

I. Plaintiff's Motion for Sanctions

By order filed March 16, 2021, the undersigned partially granted plaintiff's motion to compel and required defendants to provide supplemental responses to Requests for Production 1, 3-5, and 13. ECF No. 145 at 18. Request for Production 1 related to complaints, grievances, and lawsuits against defendants, and defendants were required to provide copies of any such documents, within the scope defined by the court, of which they were aware. Id. at 6-7. With respect to Request for Production 3, defendants were required to ensure that plaintiff was

provided an opportunity to review the non-confidential portion of his central file and to provide plaintiff with any portions of his confidential central file, redacted as necessary, "related to his transfer to High Desert State Prison that identified any safety concerns related to inmate Zamora specifically or the 25ers gang generally." Id. at 8. In regard to Requests for Production 4 and 5, defendants were "required to produce any documents from Zamora's inmate file that existed at the time he was assigned as plaintiff cellmate that showed he was designated plaintiff's enemy or was a member of the 25ers" and with respect to Request 4, were further required to produce any documents with "statements made by plaintiff or Zamora regarding their compatibility as cellmates or the assault." Id. at 9-10. Finally, defendants were required to provide additional log books, if they existed, in response to Request for Production 13. Id. at 12.

Defendants previously provided copies of their supplemental responses to plaintiff's requests for production. ECF No. 150-2. The supplemental responses to Requests 1, 5, and 13 reflect that there are no additional responsive documents to produce, and the response to Request 3 states that there are no documents from plaintiff's confidential central file indicating he had a safety concern with Zamora until after the assault. Id. at 2, 4, 8, 10, 18-19. Defendants cannot produce documents that do not exist and their responses that no responsive documents exist are appropriate. With respect to the remainder of Request 3, the undersigned previously found that defendants had complied with their obligation to provide plaintiff with an opportunity to view his non-confidential central file and relieved them of their obligation to provide plaintiff with any documents indicating that he had safety concerns with the 2-5ers. ECF No. 153 at 2-3. As for Request 4, defendants have filed a notice of compliance stating that they provided plaintiff with an opportunity to review the only document identified as being responsive. ECF No. 154.

Accordingly, defendants have complied with the order compelling discovery and plaintiff's motion for sanctions will be denied.

II. Defendants' Motion to Compel

On December 22, 2020, defendants moved to compel plaintiff to respond to their requests for production and interrogatories and to appear for his deposition. ECF No. 139. Defendants assert that, as of the date they filed their motion, they had not received any responses to their

2

requests for production or their interrogatories and that plaintiff had refused to participate in his properly noticed deposition. ECF No. 139-1 at 4. After plaintiff failed to respond to the motion, he was given one more opportunity to respond to the motion and cautioned that his failure to respond would be construed as consent to the motion being granted.[1] ECF No. 145 at 1. Plaintiff then filed a notice in which he stated that he had mailed his responses to defendants' interrogatories and requests for production on March 24, 2021, but offered no other response to the motion. ECF No. 146. Defendants have not filed a reply or otherwise advised whether plaintiff's responses were sufficient.

Because it appears that plaintiff has now responded to defendants' requests for production and interrogatories, the request to compel those responses will be denied. The denial will be without prejudice to another motion if the responses provided by plaintiff are deficient. With respect to plaintiff's deposition, he has not offered any reason why he should not be required to submit to a deposition, and the motion to compel will be granted. Defendants will be given another opportunity to depose plaintiff and plaintiff must participate fully in the deposition. Plaintiff is warned that if he fails to participate in the deposition, it will result in sanctions that may range from exclusion of evidence all the way up to dismissal of the case, depending upon the degree of non-compliance.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for entry of default, ECF No. 158, is construed as a motion to compel and is DENIED.

2. Defendants' motion to compel, ECF No. 139, is GRANTED in part and DENIED in part as follows:

    a. The request to compel plaintiff to participate in his deposition is GRANTED.

    b. The request to compel plaintiff to respond to defendants' requests for production and interrogatories is DENIED without prejudice to another motion related to the sufficiency of plaintiff's responses.

---

[1] In the same order, the undersigned denied plaintiff's requests to stay discovery and his deposition. ECF No. 145 at 15-17.

3

3. Discovery is re-opened for the limited purpose of allowing defendants to depose plaintiff and file any necessary motions to compel or for sanctions as set forth below.

4. Within forty-five days of the service of this order, defendants may take plaintiff's deposition, either in person or by videoconference. Defendants shall serve all parties with the notice required by Federal Rule of Civil Procedure 30(b)(1) at least fourteen days before such a deposition. If plaintiff refuses to participate in his deposition, defendants may bring a motion for sanctions within fourteen days of being advised of plaintiff's refusal.

5. Within thirty days of the service of this order, defendants may, if necessary, file a motion to compel further responses to their requests for production and interrogatories.

DATED: June 25, 2021

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE