1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    LUIS MANUEL GARCES,                          No.  2:17-cv-0319 JAM AC P

12                      Plaintiff,

13           v.                                    ORDER

14    J. PICKETT, et al.,

15                      Defendants.

16

17          Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42

18    U.S.C. § 1983.  Currently before the court are defendants' motion to compel plaintiff's deposition

19    and a motion for monetary sanctions (ECF No. 171) and plaintiff's request for a conference (ECF

20    No. 172).

21       I.      Procedural History

22          By order filed June 25, 2021, the undersigned granted defendants' motion to compel

23    plaintiff to appear for his deposition.  ECF No. 161.  Plaintiff was warned that failure to

24    participate in the deposition would result in sanctions that could range from exclusion of evidence

25    all the way up to dismissal of the case, depending upon the degree of non-compliance.  Id. at 3.

26    Defendants have now filed another motion to compel plaintiff to participate in his deposition.

27    ECF No. 171.

28    ////

1

1       II.      Motion to Compel

2              Defendants seek an order compelling plaintiff to participate in his deposition and provide

3       his testimony in Spanish though the use of a Spanish interpreter.  ECF No. 171.  They assert that

4       after the court granted their previous motion, they attempted to take plaintiff's deposition on July

5       15, 2021.  ECF No. 171-1 at 5.  Prior to the start of the deposition, it became clear that counsel

6       and the court reporter required the assistance of a Spanish language interpreter in order to fully

7       understand plaintiff, and the parties agreed to postpone the deposition so that an interpreter could

8       be retained.  Id.  The deposition was rescheduled for August 12, 2021, and counsel retained two

9       court-licensed Spanish interpreters.  Id. at 5-6.

10             Plaintiff appeared for his deposition on August 12, 2021, but before the parties were on

11      the record he stated that the audio connection via Zoom was choppy.  Id. at 6.  Plaintiff was then

12      set up to communicate with counsel on speaker over the phone, at which point it appeared he

13      could hear all participants very well, and the audio quality on plaintiff's side was later confirmed

14      by an officer.  Id. at 6-7.  After the audio issues were resolved, plaintiff refused to proceed with

15      the translators and stated that he preferred to conduct the deposition in English.  Id. at 6.  Counsel

16      explained several times that she and the court reporter needed the translators because they had

17      difficulty understanding plaintiff when he spoke in English, but plaintiff continued to refuse to be

18      deposed through the interpreters.  Id.  The court reporter also clarified that though she had

19      initially stated that she could not *hear* plaintiff, what meant was that she could not *understand*

20      him.  Id.  After plaintiff continued to refuse to use the interpreters, counsel chose to end the

21      deposition and gave plaintiff an opportunity to state his position on the record in English or

22      Spanish.  Id.  Plaintiff chose to speak in English, and though the participants were able to hear

23      him well, they had difficulty understanding him and the court reporter had to interrupt him ten

24      times in eighteen minutes because she could not understand him.  Id. at 7.

25             In his request for a conference and opposition to the motion to compel, plaintiff accuses

26      defendants' counsel of perjury and manipulating the record.[1]  ECF Nos. 172, 178.  Specifically,

27

28      _____

        [1]  Plaintiff has also filed an unauthorized surreply that largely reiterates the arguments in his
        opposition and will be disregarded.  See ECF No. 181.

                                                2

1  plaintiff claims that he could understand counsel without an interpreter, he never agreed to use an

2  interpreter, counsel manipulated the audio and conspired with the court reporters to make it

3  appear that they could not understand plaintiff, and that he was unable to understand what the

4  interpreters were saying.  Id.  He requests that the court conduct a hearing to resolve the discovery

5  disputes, including defendants' failure to provide responses to requests for production, and that

6  his deposition be conducted in front of the undersigned.  Id.

7       Plaintiff's claims that he never agreed to be deposed through an interpreter, and that

8  counsel and the court reporter could understand him when he spoke in English, are directly

9  contradicted by the transcripts provided by defendants.  See ECF No. 171-3 at 3-20.  The

10  transcript from the attempted deposition on July 15, 2021, reflects that defendants' counsel had

11  difficulties understanding plaintiff and that plaintiff declined the opportunity to add to or correct

12  counsel's statements that there had been an agreement that a Spanish interpreter was necessary.

13  Id. at 5-6.  The transcript of the attempted deposition on August 12, 2021, also reflects that there

14  were no problems with hearing plaintiff, but that counsel and the court reporter were both

15  regularly unable to understand him and that portions of plaintiff's statement remained

16  indiscernible despite the court reporter requesting clarification.  Id. at 12-19.

17       Though plaintiff argues that he is able to understand counsel and does not require an

18  interpreter, the same clearly cannot be said for counsel and the court reporter, and defendants are

19  entitled to a clear record of plaintiff's deposition testimony.  Plaintiff has not offered any

20  legitimate reason why he should not be required to provide his deposition testimony in Spanish

21  through an interpreter and the motion to compel therefore will be granted.  See Hunt v. County of

22  Orange, 672 F.3d 606, 616 (9th Cir. 2012) ("District courts have 'broad discretion to manage

23  discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'"

24  (quoting Avila v. Willits Env't Remediation Tr., 633 F. 3d 828, 833 (9th Cir. 2011))).

25       With respect to plaintiff's requests to compel further discovery responses, except for

26  motions to compel related to plaintiff's deposition, motions to compel were to be filed by October

27  23, 2020 (ECF No. 115), and plaintiff's time to file a motion for sanctions for failure to comply

28  with the court's March 16, 2021 order compelling discovery expired on June 25, 2021 (ECF No.

1  151).  Plaintiff's requests for the court to issue an order compelling discovery responses from

2  defendants are therefore untimely and will be denied.[2]  The requests that the court conduct a

3  hearing on the discovery issues and oversee plaintiff's deposition will also be denied.

4      III.    <u>Defendant's Motion for Monetary Sanctions</u>

5        When a motion to compel is granted, "the court must, after giving an opportunity to be

6  heard, require the party or deponent whose conduct necessitated the motion . . . to pay the

7  movant's reasonable expenses incurred in making the motion, including attorney's fees" unless

8  the movant filed the motion before making a good faith attempt to obtain the discovery without

9  court action, the opposing party's conduct was substantially justified, or "other circumstances

10  make an award of expenses unjust."  Fed. R. Civ. P. 37(a)(5).  In light of plaintiff's indigence and

11  his status as a pro se prisoner-plaintiff, the court finds that an award of expenses would be unjust

12  and the request will be denied on that basis.  However, given plaintiff's history of non-

13  compliance with being deposed, he is cautioned that failure to fully participate in the deposition

14  or refusal to provide his testimony in Spanish through a translator is likely to result in terminating

15  sanctions.

16      IV.    <u>Summary for Pro Se Plaintiff</u>

17        The magistrate judge is granting defendants' motion to depose you again, in Spanish, with

18  the assistance of Spanish-language interpreters.  You will not be sanctioned for what has

19  happened so far, but **if you do not cooperate with a final deposition using interpreters, the**

20  **magistrate judge will probably recommend that your case be dismissed**.  Your requests for

21  discovery, for a conference, and for the deposition to happen in front of the judge are all denied.

22                    <u>CONCLUSION</u>

23      Accordingly, IT IS HEREBY ORDERED that:

24      1.  Defendants' motion to compel plaintiff's deposition (ECF No. 171) is GRANTED.

25      2.  Within forty-five days of the service of this order, defendants may take plaintiff's

26

27  [2]  The court further notes that it has already addressed the alleged deficiencies with the
supplemental responses defendants provided in response to the March 16, 2021 order, which

28  comprise half of the requests plaintiff identifies in his current requests.  <u>See</u> ECF No. 161.

4

1   deposition either in person or by videoconference.  Defendants shall serve all parties with the

2   notice required by Federal Rule of Civil Procedure 30(b)(1) at least fourteen days before such a

3   deposition.

4        3.   Plaintiff shall fully participate in his deposition and provide his testimony at the

5   deposition in Spanish through the use of Spanish translators.  If plaintiff refuses to fully

6   participate in his deposition or refuses to testify in Spanish through a translator, defendants may

7   bring a motion for sanctions within fourteen days of being advised of plaintiff's refusal.

8        4.   Defendants' request for monetary sanctions (ECF No. 171) is DENIED.

9        5.   Plaintiff's request for a conference (ECF No. 172) is DENIED.

10       6.   Plaintiff's requests to have the deposition conducted before the undersigned and to

11  compel discovery responses from defendants (ECF Nos. 172, 178) are DENIED.

12       7.   Plaintiff's surreply (ECF No. 181) is DISREGARDED.

13  DATED: April 7, 2022

14  ALLISON CLAIRE

15  UNITED STATES MAGISTRATE JUDGE