1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   LUIS MANUEL GARCES,                          No.  2:17-cv-0319 DAD AC P

12                   Plaintiff,

13         v.                                     ORDER

14   J. PICKETT, et al.,

15                   Defendants.

16

17         Plaintiff, a state prisoner proceeding pro se, has filed a motion seeking an extension of an

18   unspecified deadline until plaintiff is appointed counsel.  ECF No. 205.  In support of his request,

19   plaintiff alleges that he has been subject to various forms of retaliation and harassment by non-

20   defendants throughout 2021 and 2022, that he is currently separated from his legal paperwork,

21   and that he has been deemed incompetent as part of an effort to keep him separated from his

22   paperwork and justify the harassment.  Id.

23         Assuming that plaintiff is seeking an extension of time to reply in support of his motion

24   for summary judgment and respond to defendants' cross-motion, the motion will be granted to the

25   extent plaintiff will be granted an extension of time to file his reply and response.  The request for

26   appointment of counsel, however, will be denied.

27         The United States Supreme Court has ruled that district courts lack authority to require

28   counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490

U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved.'"  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Aside from his current mental health designation and inability to access legal paperwork, the conditions identified by plaintiff appear to be discrete incidents of past harassment.  While the court does not condone the kind of conduct plaintiff alleges, these past incidents[1] do not demonstrate current extraordinary circumstances warranting the appointment of counsel.  With respect to plaintiff's separation from his legal paperwork, there is no indication that an extension of time is insufficient to allow him time to obtain access to his files.  Should plaintiff continue to be refused access to his files, he may file another motion addressing the issue, and any such motion should be accompanied by documentation showing plaintiff's attempts to gain access to his paperwork and any responses received.  Finally, plaintiff's claim that he has been declared incompetent,[2] though he appears to disagree with this determination, does not, by itself, establish extraordinary circumstances.  If plaintiff chooses to file another motion for appointment of counsel based upon his mental health conditions, he should identify what conditions he suffers from, explain how his conditions prevent him from proceeding without assistance, and provide medical documentation supporting his claimed impairments.  For these reasons, plaintiff has not shown the existence of extraordinary circumstances warranting the appointment of counsel.

---

[1]  Plaintiff is free to pursue a separate lawsuit regarding these alleged incidents if he desires, though the court takes no position on whether such a lawsuit would be successful.

[2]  It appears he may be alleging that he is subject to an involuntary medication order.

1          Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for appointment of

2    counsel and an extension of time (ECF No. 205) is GRANTED in part.  Plaintiff shall have thirty

3    days from the service of this order to file a reply in support of his motion for summary judgment

4    and a response to defendants' cross-motion for summary judgment.  The motion is otherwise

5    DENIED.

6    DATED: February 27, 2023

7    ALLISON CLAIRE

8    UNITED STATES MAGISTRATE JUDGE

3