UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS MANUEL GARCES, | No. 2:17-cv-0319 DAD AC P |
| Plaintiff, | |
| v. | ORDER |
| J. PICKETT, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983, has filed another motion for appointment of counsel and requests that his time to respond to defendants' cross-motion for summary judgement be extended until after counsel is appointed. ECF No. 208. Plaintiff's response is currently due by April 3, 2023. ECF No. 207.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965,

970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Plaintiff alleges that defendants are retaliating against him by starving him and manipulating the psychiatrists to declare him incompetent so that his legal work can be seized.  ECF No. 208 at 1.  He further asserts that his legal work has in fact been seized and requests a ninety-day extension of time to file his opposition to the motion for summary judgment and counsel to assist him in doing so.  Id.

This is plaintiff's second motion requesting that his time to respond to defendants' motion for summary judgment be extended until he is appointed counsel.  The previous request was granted in part, and plaintiff was afforded an extension of time to file his response while his request for counsel was denied.  ECF No. 207.  In ruling on the previous motion, the undersigned found, in pertinent part, that

> With respect to plaintiff's separation from his legal paperwork, there is no indication that an extension of time is insufficient to allow him time to obtain access to his files.  Should plaintiff continue to be refused access to his files, he may file another motion addressing the issue, and any such motion should be accompanied by documentation showing plaintiff's attempts to gain access to his paperwork and any responses received.  Finally, plaintiff's claim that he has been declared incompetent, though he appears to disagree with this determination, does not, by itself, establish extraordinary circumstances.  If plaintiff chooses to file another motion for appointment of counsel based upon his mental health conditions, he should identify what conditions he suffers from, explain how his conditions prevent him from proceeding without assistance, and provide medical documentation supporting his claimed impairments.  For these reasons, plaintiff has not shown the existence of extraordinary circumstances warranting the appointment of counsel.

Id. at 2 (footnote omitted).

Although plaintiff once again alleges that he has been separated from his paperwork, he has not provided any of the additional information or documentation identified by the court.[1]

---

[1] The court further notes that while plaintiff alleges that defendants are the ones responsible for (continued)

1  With respect to the documentation plaintiff has provided, while it does confirm that he is
2  receiving mental health treatment, it also reflects that his activities of daily living are adequate
3  and that his "mental health is unlikely to decompensate while retained in segregated housing."
4  ECF No. 208 at 2.  For these reasons, plaintiff has failed to demonstrate the existence of
5  extraordinary circumstances that would warrant the appointment of counsel and the request for
6  counsel will be denied.  However, in light of the representation that plaintiff is currently separated
7  from his paperwork, plaintiff will be granted a brief extension of time.  Any further requests for
8  extension of time based on plaintiff's inability to access his legal paperwork, or requesting
9  assistance with access to said paperwork, must be accompanied by the information and
10 documentation identified above.

      Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for appointment of counsel and an extension of time (ECF No. 208) is GRANTED in part.  Plaintiff shall have an additional fourteen days, up to April 17, 2023, to file a response to defendants' cross-motion for summary judgment.  The motion is otherwise DENIED.

DATED: March 20, 2023

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

his conditions, he also states that the conduct has been taking place at Kern Valley State Prison (ECF No. 208 at 1), while defendants were alleged to have worked at High Desert State Prison (ECF No. 1) and both defendants' declarations, filed in support of their motion for summary judgment, state that they are currently retired (ECF No. 204-3 at 1; ECF No. 204-4 at 1).