1

2

3

4

5

6

7

8                            UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    LUIS MANUEL GARCES,                          No.  2:17-cv-0319 DAD AC P

12                     Plaintiff,

13           v.                                    ORDER AND FINDINGS &
                                                   RECOMMENDATIONS
14    J. PICKETT, et al.,

15                     Defendants.

16

17           Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42

18    U.S.C. § 1983.  Currently before the court are the parties' cross-motions for summary judgment.

19    ECF Nos. 197, 204.

20       I.      Procedural History

21           This case proceeds on plaintiff's original complaint, which was screened and found to

22    state claims for relief against defendants Pickett and Chapman.[1]  ECF No. 10.  Following the

23    close of discovery, the parties filed cross-motions for summary judgment.  ECF Nos. 197, 204.

24    After defendants filed a reply in support of their motion for summary judgment, plaintiff filed a

25    reply in support of his motion for summary judgment and response to defendants' motion (ECF

26    ////

27    _____

28    [1]  Defendants Barton, Schaake, Hurbert, Lopez, Briggs, and Voong and plaintiff's property and
      grievance claims were dismissed without leave to amend.  ECF No. 33.

                                                    1

No. 214) and a sur-reply (ECF No. 216), which defendants have moved to strike (ECF Nos. 215, 217).

II.     Plaintiff's Allegations

Plaintiff alleges that defendants Pickett and Chapman deliberately housed him with inmate Zamora, who was a member of the 2-5er gang, and that the gang was listed as one of plaintiff's enemies in his file.  ECF No. 1 at 7, 12.  As a result, plaintiff was assaulted by Zamora two days after Zamora was assigned to his cell.  Id.

III.    Motions to Strike

Defendants have filed two motions to strike.  ECF Nos. 215, 217.  The first motion seeks to strike plaintiff's combined response to their motion for summary judgment and reply in support of his own motion for summary judgment, which they assert is an unauthorized sur-reply.  ECF No. 215.  The second motion seeks to strike plaintiff's sur-reply to their motion for summary judgment.  ECF No. 217.

With respect to the first motion, the court finds defendants' characterization of the combined response and reply as a sur-reply to be inaccurate.  After defendants sought additional time to reply to plaintiff's opposition—which they had received but which had not been received by the court—they were ordered to file a copy of plaintiff's opposition to their motion for summary judgment at the same time they filed their reply if the opposition had not been docketed at that time.  ECF No. 212.  Accordingly, defendants filed a copy of plaintiff's opposition to their motion for summary judgment as an attachment to their reply.  ECF No. 213-2.  Plaintiff's combined response and reply, received by the court one month later, appears to be the same response filed by defendants.  Compare ECF No. 213-2 with ECF No. 214.  It therefore appears that the document filed by plaintiff at ECF No. 214 is not a sur-reply, but instead another copy of his combined response and reply with additional exhibits attached.  The motion to strike will therefore be denied.

With respect to plaintiff's surreply, Local Rule 230, which sets out the procedures for civil motions, contemplates a motion, a response, and a reply.  There is no provision for a surreply.  Moreover, the court has reviewed plaintiff's surreply and finds that it merely repeats the

1    arguments from his opposition to defendants' motion for summary judgment.  <u>Compare</u> ECF No.

2    214 <u>with</u> ECF No. 216.  Defendants' motion to strike the sur-reply will therefore be granted.

3         IV.    <u>Motions for Summary Judgment</u>

4              A.    <u>Legal Standards for Summary Judgment</u>

5              Summary judgment is appropriate when the moving party "shows that there is no genuine

6    dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

7    Civ. P. 56(a).  Under summary judgment practice, "[t]he moving party initially bears the burden

8    of proving the absence of a genuine issue of material fact." <u>In re Oracle Corp. Sec. Litig.</u>, 627

9    F.3d 376, 387 (9th Cir. 2010) (citing <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986)).  The

10   moving party may accomplish this by "citing to particular parts of materials in the record,

11   including depositions, documents, electronically stored information, affidavits or declarations,

12   stipulations (including those made for purposes of the motion only), admissions, interrogatory

13   answers, or other materials" or by showing that such materials "do not establish the absence or

14   presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to

15   support the fact." Fed. R. Civ. P. 56(c)(1).

16              "Where the non-moving party bears the burden of proof at trial, the moving party need

17   only prove that there is an absence of evidence to support the non-moving party's case." <u>Oracle</u>

18   <u>Corp.</u>, 627 F.3d at 387 (citing <u>Celotex</u>, 477 U.S. at 325); <u>see also</u> Fed. R. Civ. P. 56(c)(1)(B).

19   Indeed, summary judgment should be entered, "after adequate time for discovery and upon

20   motion, against a party who fails to make a showing sufficient to establish the existence of an

21   element essential to that party's case, and on which that party will bear the burden of proof at

22   trial." <u>Celotex</u>, 477 U.S. at 322.  "[A] complete failure of proof concerning an essential element

23   of the nonmoving party's case necessarily renders all other facts immaterial." <u>Id.</u> at 323.  In such

24   a circumstance, summary judgment should "be granted so long as whatever is before the district

25   court demonstrates that the standard for the entry of summary judgment, as set forth in Rule

26   56(c), is satisfied." <u>Id.</u>

27              "When the party moving for summary judgment would bear the
               burden of proof at trial, it must come forward with evidence which
28             would entitle it to a directed verdict if the evidence went

                                                    3

1   uncontroverted at trial.  In such a case, the moving party has the
2   initial burden of establishing the absence of a genuine issue of fact
    on each issue material to its case."

3   Miller v. Glenn Miller Prods., Inc., 454 F.3d 975, 987 (9th Cir. 2006) (quoting C.A.R. Transp.

4   Brokerage Co. v. Darden Rests., Inc., 213 F.3d 474, 480 (9th Cir. 2000)).

5         If the moving party meets its initial responsibility, the burden then shifts to the opposing

6   party to establish that a genuine issue as to any material fact actually does exist.  Matsushita Elec.

7   Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).  In attempting to establish the

8   existence of this factual dispute, the opposing party may not rely upon the allegations or denials

9   of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or

10  admissible discovery material, in support of its contention that the dispute exists.  See Fed. R.

11  Civ. P. 56(c).  The opposing party must demonstrate that the fact in contention is material, i.e., a

12  fact "that might affect the outcome of the suit under the governing law," and that the dispute is

13  genuine, i.e., "the evidence is such that a reasonable jury could return a verdict for the nonmoving

14  party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

15        In the endeavor to establish the existence of a factual dispute, the opposing party need not

16  establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual

17  dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at

18  trial."  T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987)

19  (quoting First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968).  Thus, the

20  "purpose of summary judgment is to pierce the pleadings and to assess the proof in order to see

21  whether there is a genuine need for trial."  Matsushita, 475 U.S. at 587 (citation and internal

22  quotation marks omitted).

23        "In evaluating the evidence to determine whether there is a genuine issue of fact, [the

24  court] draw[s] all inferences supported by the evidence in favor of the non-moving party."  Walls

25  v. Cent. Contra Costa Transit Auth., 653 F.3d 963, 966 (9th Cir. 2011) (citation omitted).  It is the

26  opposing party's obligation to produce a factual predicate from which the inference may be

27  drawn.  See Richards v. Nielsen Freight Lines, 810 F.2d 898, 902 (9th Cir. 1987).  Finally, to

28  demonstrate a genuine issue, the opposing party "must do more than simply show that there is

4

1    some metaphysical doubt as to the material facts."  Matsushita, 475 U.S. at 586 (citations

2    omitted).  "Where the record taken as a whole could not lead a rational trier of fact to find for the

3    non-moving party, there is no 'genuine issue for trial.'"  Id. at 587 (quoting First Nat'l Bank, 391

4    U.S. at 289).

5            Defendants simultaneously served plaintiff with notice of the requirements for opposing a

6    motion pursuant to Rule 56 of the Federal Rules of Civil Procedure along with their motion for

7    summary judgment.  ECF No. 204-2; see Klingele v. Eikenberry, 849 F.2d 409, 411 (9th Cir.

8    1988) (pro se prisoners must be provided with notice of the requirements for summary judgment);

9    Rand v. Rowland, 154 F.3d 952, 960 (9th Cir. 1998) (en banc) (movant may provide notice).

10           B.    Evidentiary Issues

11                  i.   Defendants' Objections

12           Defendants object to a number of the records submitted by plaintiff in support of his

13   motion for summary judgment on the ground that they lack foundation because plaintiff's

14   handwritten comments are not part of the original documents.  ECF No. 204 at 13.

15           Defendants do not challenge the authenticity of the records minus plaintiff's comments,

16   and plaintiff would likely be capable of authenticating them at trial.  The objection will therefore

17   be overruled.  However, plaintiff's handwritten notes will be considered only to the extent they

18   consist of plaintiff's arguments or attempts to identify evidence.  They will not be considered as

19   evidence themselves.

20                  ii.  Plaintiff's Objections

21           Plaintiff has submitted numerous objections regarding the accuracy of his deposition

22   transcript.  ECF No. 210.  However, the majority of plaintiff's objections are irrelevant because

23   they involve portions of his transcript not relied upon by defendants to support their motion for

24   summary judgment.  See ECF No. 204-9.  To the extent any of plaintiff's objections relate to

25   portions of his deposition relied upon by defendants in their statement of undisputed facts, those

26   objections will be addressed, as necessary, in relation to the applicable fact.

27   ////

28   ////

5

1       C. Plaintiff's Motion for Summary Judgment

2       Plaintiff has moved for summary judgment.  ECF No. 197.  However, the motion is not

3    accompanied by a separate statement of facts, as required by Local Rule 260(a), and though

4    plaintiff does provide a number of citations to the attached exhibits, many of the factual assertions

5    made within the motion do not cite to particular portions of the record for support.  See L.R.

6    260(a); Fed. R. Civ. P. (c)(1)(A).  Furthermore, although plaintiff has provided over two hundred

7    pages of exhibits, he does not explain how the exhibits prove that defendants were responsible for

8    Zamora's placement or that they were aware of and ignored the risk to his safety posed by

9    housing him with Zamora, thereby entitling him to summary judgment.[2]  Though plaintiff argues

10   that the documents support an inference of knowledge on defendants' part or shows that they

11   ignored the inference, see ECF No 197 at 1-18, 27, 99, 107, 141, 168, 210, he fails to provide any

12   evidence of actual knowledge or evidence that defendants were involved in Zamora's placement.

13   Plaintiff has therefore failed to "come forward with evidence which would entitle [him] to a

14   directed verdict if the evidence went uncontroverted at trial."  Miller, 454 F.3d at 987 (citation

15   and internal quotation marks omitted).  For these reasons, plaintiff's motion for summary

16   judgment should be denied.  However, given plaintiff's pro se status, the contents of the motion

17   will be considered as part of plaintiff's opposition to defendants' motion for summary judgment.

18      D. Defendants' Motion for Summary Judgment

19       i. Defendants' Arguments

20      Defendants argue that they are entitled to summary judgment because they were not

21   involved in the decision to house Zamora with plaintiff and Zamora's records did not indicate that

22   he was a member of the 2-5er gang.  ECF No. 204.

23       ii. Plaintiff's Response

24      At the outset, the court notes that plaintiff has only partially complied with Federal Rule

25   of Civil Procedure 56(c)(1)(A), which requires that "[a] party asserting that a fact . . . is genuinely

26

27   [2]  As set forth more fully below, plaintiff's Eighth Amendment claim requires proof that
     defendants were deliberately indifferent to a known threat to plaintiff's safety.  See Farmer v.
28   Brennan, 511 U.S. 825, 834 (1994).

1   disputed must support the assertion by . . . citing to particular parts of materials in the record."

2   "Pro se litigants must follow the same rules of procedure that govern other litigants."

3   King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (citation omitted), overruled on other grounds,

4   Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).  However, it is well-

5   established that district courts are to "construe liberally motion papers and pleadings filed by *pro*

6   *se* inmates and should avoid applying summary judgment rules strictly."  Thomas v. Ponder, 611

7   F.3d 1144, 1150 (9th Cir. 2010).  The unrepresented prisoner's choice to proceed without counsel

8   "is less than voluntary" and they are subject to "the handicaps . . . detention necessarily imposes

9   upon a litigant," such as "limited access to legal materials" as well as "sources of proof."

10  Jacobsen v. Filler, 790 F.2d 1362, 1364 n.4 (9th Cir. 1986) (alteration in original) (citations and

11  internal quotation marks omitted).  Inmate litigants, therefore, should not be held to a standard of

12  "strict literalness" with respect to the requirements of the summary judgment rule.  Id. (citation

13  omitted).

14  Accordingly, the court considers the record before it in its entirety despite plaintiff's

15  failure to be in strict compliance with the applicable rules.  However, only those assertions in the

16  opposition which have evidentiary support in the record will be considered.

17  Though not entirely clear, plaintiff appears to oppose defendants' motion on the grounds

18  that defendants had information that members of the 2-5er gang were a threat to his safety and

19  therefore could infer that he would be in danger if housed with a 2-5er member.  ECF No. 197 at

20  1-24; ECF No. 214 at 1-27.  He also appears to argue that defendants knew Zamora was a 2-5er

21  member and that their policies resulted in Zamora being assigned to his cell.  Id.

22  iii.   Undisputed Material Facts

23  At all times relevant to the complaint, plaintiff was housed at High Desert State Prison

24  (HDSP), Chapman was an associate warden at HDSP, and Pickett was an acting associate warden

25  at HDSP.[3]  Defendants' Statement of Undisputed Facts (DSUF) (ECF No. 204-1) ¶¶ 1, 12, 22.

26  _____

27  [3]  Plaintiff appears to have misinterpreted DSUF ¶ 1, as he denies the statement and states that he
     was housed at HDSP starting in July 2014.  ECF No. 214 at 23.  He then goes on to assert that he
28  continued to be housed at HDSP through February 2015, making DSUF ¶ 1 undisputed.  Id. at 23-
     (Continued…)

While plaintiff was housed at HDSP in February 2015, inmate Zamora was assigned to his cell and became his cellmate.[4]  ECF No. 1 at 7, 12; DSUF ¶ 2.  A few days later, Zamora attacked plaintiff in their cell.[5]  ECF No. 1 at 12; DSUF ¶ 6.  The parties dispute whether defendants were involved in the decision to house Zamora with plaintiff or knew that Zamora posed a threat to plaintiff.  This dispute will be addressed below.

iv.  Eighth Amendment Legal Standard

"The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones."  Farmer v. Brennan, 511 U.S. 825, 832 (1994) (internal quotation marks and citations omitted).  "[A] prison official violates the Eighth Amendment only when two requirements are met.  First, the deprivation alleged must be, objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities."  Id. at 834 (internal quotation marks and citations omitted).  Second, the prison official must subjectively have a sufficiently culpable state of mind, "one of deliberate indifference to inmate health or safety."  Id. (internal quotation marks and citations omitted).  The official is not liable under the Eighth Amendment unless he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the

---

24.  Plaintiff also denies DSUF ¶¶ 12 and 22 relating to defendants' positions at the time relevant to the complaint and asserts that both defendants were wardens.  ECF No. 214 at 25-26. However, the evidence he cites states that they were employed at HDSP at the relevant time and addresses their positions at the times they responded to plaintiff's interrogatories.  See ECF No. 47 at 1-2 (answer); ECF No. 214 at 37, 53-54 (responses to interrogatories).  Plaintiff provides no other basis for disputing these facts and DSUF ¶¶ 12 and 22 are therefore deemed admitted.  The alleged dispute over defendants' positions also appears to be immaterial to resolution of the motion.

[4]  Plaintiff disputes DSUF ¶ 2 and argues that Zamora was not his cellmate because that requires they be compatible and Zamora was his enemy.  ECF No. 214 at 24.  However, he does not dispute that Zamora was assigned to his cell and housed there prior to the assault and DSUF ¶ 2 is therefore deemed undisputed.

[5]  Plaintiff denies DSUF ¶ 6 on the ground that it relies upon his altered transcripts.  ECF No. 214 at 24.  However, his objections to the portion of the deposition relied upon confirm his claim that Zamora attacked him (ECF No. 210 at 5-6), and the entire basis of his complaint against defendants is that they ignored the threat to his safety that Zamora posed, resulting in Zamora assaulting him after they were housed together (ECF No. 1 at 7, 12).  DSUF ¶ 6 is therefore deemed undisputed.

8

1   inference." Id. at 837.  Then he must fail to take reasonable measures to abate the substantial risk

2   of serious harm.  Id. at 847.  Mere negligent failure to protect an inmate from harm is not

3   actionable under § 1983.  Id. at 835.

4                       v.   Discussion

5          The complaint alleges that defendants deliberately assigned inmate Zamora as plaintiff's

6   cellmate despite knowing that he was a member of the 2-5er gang, which was on plaintiff's

7   known enemy list.  ECF No. 1 at 7, 12.  Defendants do not dispute that plaintiff had security

8   concerns with members of the 2-5er gang at the time Zamora was assigned as plaintiff's cellmate.

9   ECF No. 204 at 5.  Instead, they argue that they had no personal involvement in the decision to

10   house Zamora with plaintiff and did not know that Zamora was assigned to plaintiff's cell.  Id. at

11   10-12.  They also argue that there was no indication in Zamora's files that he had any affiliation

12   with the 2-5er gang or that such an affiliation was uncovered during his intake interview, and that

13   even if he was a member, there was no way for either of them or any other staff member to know.

14   Id. at 12-13.

15          Plaintiff argues that defendants knew Zamora was a 2-5er because Zamora had 2-5er

16   tattoos on his face and stomach and he and Zamora both reported to the escorting officers that

17   Zamora was a 2-5er.  ECF No. 197 at 23; ECF No. 214 at 3-4.  He also argues that there was

18   documentation in Zamora's file that defendants have refused to produce that showed Zamora's

19   affiliation.[6]  Id.  Assuming for purposes of this motion that, at a minimum, the escorting officers

20   were aware that Zamora was a 2-5er member, defendants have submitted sworn declarations

21   supporting their claimed lack of involvement with the decision to house Zamora with plaintiff.

22   See DSUF ¶¶ 13-21, 24-33 (citing Chapman Decl. (ECF No. 204-3) ¶¶ 8-16; Pickett Decl. (ECF

23   No. 204-4) ¶¶ 7-16).  Although plaintiff attempts to refute these statements by arguing that

24   Pickett was generally responsible for supervising all operations and that both defendants gave the

25   [6] During discovery, the court partially granted plaintiff's motion to compel and ordered

26   defendants "to produce any documents from Zamora's inmate file that existed at the time he was
     assigned as plaintiff cellmate that showed he was designated plaintiff's enemy or was a member

27   of the 25ers."  ECF No. 145 at 9.  Defendants provided supplemental responses stating that
     Zamora's prison records did not show that he was ever a member of the 2-5er gang and did not

28   have any enemy concerns with plaintiff prior to the assault.  ECF No. 150-2 at 18-19.

1  order to punish plaintiff, had a policy to punish plaintiff, and acted through subordinates who

2  followed their orders, he fails to cite any evidence to support these claims.  ECF No. 214 at 25-

3  26.

4          To the extent plaintiff appears to make similar arguments throughout his motion for

5  summary judgment and opposition to defendants' motion, the evidence he cites does not create an

6  issue of fact.  At most, the evidence cited demonstrates that defendants had a general

7  responsibility over housing due to their supervisory positions, which is insufficient to establish

8  liability.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) ("There is no respondeat

9  superior liability under section 1983." (citation omitted)).  There is no evidence establishing

10  defendants' personal involvement in the decision to house Zamora with plaintiff, or showing that

11  they gave orders or established a policy to punish plaintiff or to house him with a 2-5er member.

12  See ECF No. 197 at 51-56 (Chapman's responses to interrogatories); ECF No. 214 at 39-42, 44

13  (Pickett's responses to interrogatories).  The escorting officers' alleged statement that they were

14  following orders to enforce housing (ECF No. 197 at 24) is too general to support an inference

15  that defendants issued a directive to house plaintiff with Zamora specifically or with a 2-5er

16  member generally, and the various reports and records plaintiff cites fail to show that defendants

17  were involved in the housing decision or were aware of any risk to plaintiff prior to the assault

18  (id. at 69-87, 110-209, 225-28).[7]  Similarly, the notices plaintiff sent to Chapman asserting that he

19  had a problem with all 2-5er members and stating that he needed to be single-celled because any

20  inmate could be a member (ECF No. 197 at 66-67) show that, at most, Chapman was aware of

21  plaintiff's speculative fears regarding having a cellmate, which is insufficient to rise to the level

22  of a substantial risk of serious harm.  See Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986)

23  (deliberate indifference standard does not require official "believe to a moral certainty" that an

24  assault will happen at a given time and place, but "he must have more than a mere suspicion that

25  an attack will occur" (citation omitted)); Williams v. Wood, 223 F. App'x 670, 671 (9th Cir.

26  ─────────────

27  [7]  Most of the documents appear to have been created well after the assault, and except for two
    appeal responses issued by Chapman and Pickett addressing to what appear to be unrelated issues
    (ECF No. 197 at 146-47, 149-50), there is no indication that defendants authored or reviewed any

28  of the documents created prior to the assault by Zamora.

10

2007) ("speculative and generalized fears of harm at the hands of other prisoners do not rise to a sufficiently substantial risk of serious harm to [prisoner's] future health" (citing <u>Farmer</u>, 511 U.S. at 843)).

For these reasons, plaintiff has failed to establish a dispute of fact regarding defendants' subjective knowledge of an excessive risk to plaintiff's health or safety and defendants' motion for summary judgment should therefore be granted.

E.    <u>Conclusion</u>

For the reasons set forth above, plaintiff's motion for summary judgment should be denied and defendants' motion for summary judgment should be granted.

V.    <u>Plain Language Summary of this Order for a Pro Se Litigant</u>

It is being recommended that your motion for summary judgment be denied because it is not properly supported with evidence.  It is also being recommended that defendants' motions for summary judgment be granted and this case be dismissed because the undisputed evidence shows that defendants had no involvement in the decision to assign inmate Zamora as your cellmate.

CONCLUSION

IT IS HEREBY ORDERED that:

1.  Defendants' motion to strike plaintiff's opposition and reply (ECF No. 215) is DENIED;

2.  Defendants' motion to strike plaintiff's sur-reply (ECF No. 217) is GRANTED; and

3.  The Clerk of the Court is directed to strike plaintiff's sur-reply (ECF No. 216) from the record.

IT IS FURTHER RECOMMENDED that:

1.  Plaintiff's motion for summary judgment (ECF No. 197) be DENIED; and

2.  Defendants' motion for summary judgment (ECF No. 204) be GRANTED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned

11

"Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 25, 2023

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE